ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* MACKEY.

Opinion delivered 'May 30, 1910.

1. WATERS—OBSTRUCTION OF DRAINAGE.—It is the right of each proprietor along a natural drain or watercourse to insist that the water shall' continue to flow as it has been accustomed to do; and when its natural course has been obstructed or changed, he will be entitled to compensation for the damages he has sustained thereby. (Page 299.)

2. RAILROADS—DRAINAGE.—Where a railroad company builds across or alters the flow of a natural drain, it must make suitable culverts, bridges or other provisions for effectually carrving off not only the ordinary flow of water but also any extraordinary flow that could reasonably have been foreseen. (Page 300.)

3. NEGLIGENCE—CONCURRING CAUSES.—Where two concurring causes produce an injury which would not have resulted in the absence of either, the party responsible for either cause is liable for the consequent injury, and this rule applies where one of the causes is the act of God. (Page 301.)

4. DAMAGES—INJURY TO LAND.—Where an injury to land is temporary only, and may be remedied, the measure of damages is the diminished rental or usable value of the land. (Page 302.)

Appeal from Craighead Court; *N. F. Lamb,* Special Judge; affirmed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

*J. F. Gautney,* for appellee.

A common carrier can not set up as a defense an act of God where the carrier's negligence concurred with that act: it must be free from fault. 11 L. R. A. 615; 59 Cal. 202; 89 Mo. 349; 35 L. R. A. 356. One obstructing the waters of a stream is not relieved from liability by showing that the overflow was an unprecedented flood, unless it appears that his act did not add to the damage. 74 Mo. 301; 32 N. E. 529; 101 N. W. 736; 42 Am. R. 529. The verdict is sustained by the evidence. 74 Ark. 478; 70 Ark. 478.

FRAUENTHAL, J. This was an action instituted by J. F. Mackey, the plaintiff below, to recover for the damage which he alleged was done to his personal and real property by water which it is claimed was wrongfully and negligently diverted from and obstructed in its natural flow and cast upon plaintiff's property. The plaintiff was the owner of two lots in the city of Jonesboro upon which were located a storehouse and his dwelling house. The lots were situated on the south side of the defendant's railroad, and about 75 feet from its roadbed. At this place the natural flow of the water was in a southerly direction and across the defendant's road. Prior to the year 1907 the defendant had constructed and maintained two openings or culverts through its roadbed; and the testimony on the part of the plaintiff tended to prove that these two openings allowed the water that was accustomed to fall upon and drain over the land at this place to pass through the roadbed, and successfully carried it off. One of these openings or culverts was located in front of plaintiff's property, and the other

opening was located about 150 yards east thereof. About 1907 the defendant constructed a switch along the side of its main track at this place, and in doing so built a dump which widened the original roadbed. In building this dump it closed the opening or culvert in the roadbed to the east of plaintiff's property, and from that point it dug a ditch along the south side of its roadbed to the opening or culvert which was situated in front of plaintiff's property, but it did not increase the size of this opening. It thus diverted the water which prior to that time had been used and accustomed to flow east of the plaintiff's property, and caused it to drain to the opening in front of his property. The testimony on the part of the plaintiff tended to prove that this opening or drain was not sufficient to carry off the water that ordinarily fell upon and drained over the land at this place during ordinary rains; that the natural flow of the water was thereby impeded during ordinary rains, and was cast back upon the land of the plaintiff, and greatly damaged it and materially and substantially lessened the use and enjoyment of his property for a number of months during each year from that date up to the time of the institution of this suit. In February, 1907, a great and unprecedented rain fell, which flooded the portion of the city of Jonesboro in which plaintiff's property was situated. The testimony tended to prove that waters from these rains were greatly impeded and obstructed by the insufficiency of the opening in defendant's roadbed, and that they were cast back upon the plaintiff's property. From this cause the waters rose to a considerable height in the dwelling house and store. It injured materially the use and enjoyment of the property, and it destroyed a part of and damaged a considerable portion of a stock of groceries and other goods which plaintiff carried in his store.

Upon a trial of the case the jury returned a verdict in favor of plaintiff, assessing the damage to the rental or usable value of realty at $200, and to the personal property at $150; and from the judgment entered upon the verdict the defendant has appealed to this court.

It is the right of each proprietor along a natural drain or watercourse to insist that the water shall continue to flow

as it has been used and accustomed to do; and when its natural course has been obstructed or changed so as to injure him, it is his right to recover recompense for the damages he has thereby sustained. It is the duty of a railroad company to so construct and maintain its roadbed as to cause no injury that could have been avoided by proper care and skill; and where such roadbed will obstruct and impede the natural flow and drainage of the water, it becomes its duty to make sufficient openings for the passage of the water.

In the case of *Railway Company* v. *Cook,* 57 Ark. 387, its duty and liability is thus expressed: "It is the duty of a railroad company to provide proper and sufficient openings or culverts for the escape of the water of all streams crossing its roadbed, so as not to flood the land of upper riparian owners, whether at ordinary stage of water or during floods which could reasonably have been forseen and guarded against; and if it fails to provide such openings, it is liable to any person damaged thereby." If the railroad company builds across or alters the natural drainage of land, it must make suitable culverts, bridges or other provisions for effectually carrying off the water. The law exacts the exercise of this care and diligence on the part of the railroad company, not only for the escape of the ordinary flow of such water, but where it could reasonably have been foreseen to make suitable provision to carry off the water of extraordinary freshets. For a failure to exercise that care and diligence the railroad company will be liable to those who are damaged thereby. *St. Louis, I. M. & S. Ry. Co.* v. *Anderson,* 62 Ark. 360; *Little Rock & Ft. S. Ry. Co.* v. *Chapman,* 39 Ark. 463; *Bentonville Rd. Co.* v. *Baker.* 45 Ark. 252; Angell on Watercourses (7 ed.), 465b; Pierce on Railroads, p. 203.

But it is urged that the rains which occurred in February, 1907, were so unprecedented, and the flood caused thereby so extraordinary, that it was in legal contemplation the act of God for which the defendant should not be held liable. The defendant can not be held liable for damage caused by the act of God. If the rains and flood in February were of such an overwhelming and destructive character as by their force, and independently of any other real efficient cause, to produce the injury, then there would be no liability against the defend-

ant.    But if the injury was produced by the combined effect of the act of God and the concurring negligence of defendant, then it would be liable therefor.    Where two concurring causes produce an injury which would not have resulted in the absence of either, the party responsible for either cause is liable for the consequent injury, and this rule applies where one of the causes is the act of God.    This court, in *City Electric St. Ry. Co.* v. *Conery,* 61 Ark. 381, announced this rule, as stated in the syllabus:    "The concurring negligence of two parties make both liable to a third party injured thereby if the injury would not have occurred from the negligence of one of them only."    Wharton on Neg. (2 ed.), 144; 1 Shear. & Redf. Neg. (4 ed.), § 39; *St. Louis, I. M. & S. Ry. Co.* v. *Coolidge,* 73 Ark. 112; *Southwestern Tel. & Tel. Co.* v. *Bruce,* 89 Ark. 581; *Chicago, R. I. & P. Ry. Co.* v. *Miles,* 92 Ark. 573.

The act of God which excuses must be not only the proximate cause but the sole cause.    And where the act of God is the cause of the injury, but the act of the party so mingles with it as to be also an efficient and co-operating cause, the party will be still responsible.    In 1 Shear. & Redf. Neg. (4 ed.), § 39, the rule is thus stated:    "It is universally agreed that if the damage is caused by the concurring force of the defendant's negligence and some other cause, for which he is not responsible, including the act of God, * * * the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage."    *Vyse* v. *Chicago, B. & Q. Ry. Co.,* 101 N. W. 736.

The lower court gave a number of instructions, some of which counsel for defendant claims were erroneous.    We have examined all the instructions, and we do not think that the court committed any prejudicial error in its ruling on any of them.    They, in effect, are in conformity with the above principles, and we do not think that it would serve any useful purpose to set them out or to discuss them in detail.    We are also of the opinion that there was sufficient evidence to warrant the verdict of the jury.    The testimony proved that the defendant, by closing the eastern culvert through its roadbed, had diverted waters to the opening in the roadbed in front of plaintiff's property.    This latter opening was insufficient to allow the passage of the waters that ordinarily were accus-

'tomed to drain and flow across the roadbed at this place ; and the negligence of the defendant,. by not making a sufficiently large opening at this place and at other reasonably necessary places through its roadbed was an active cause that obstructed and impeded the flow of the water in times of extraordinary freshets so as to·cast it back and flood the property of plaintiff. We also think that the jury were warranted in finding that the defendant could reasonably have foreseen the coming of these extraordinary rains, and could reasonably have so constructed its roadbed as to permit the waters to pass without the damage which was incurred by plaintiff.

It appears to be conceded by both parties that the manner in which the defendant has obstructed and maintained culverts or openings through the roadbed is only temporary, and can and will be remedied, and that the injury is not therefore permanent. The measure of damages in such case was the diminished rental or usable value of the land, and the market value of the personal property destroyed and the diminished value of that which was damaged. *Railway Company* v. *Cook,* 57 Ark. 387; *Czarnecki* v. *Bolen-Darnell Coal Co.,* 91 Ark. 58; *Junction City Lbr. Co.* v. *Sharp,* 92 Ark. 538.

The court properly instructed the jury as to the measure of damages, and we think that there is some testimony to sustain the jury in the amount of the damages which they found. The verdict of the jury should not therefore be disturbed.

The judgment is affirmed.