# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

TIMOTHY J. FOOHEY DREDGING COMPANY *v.* MABIN.

## Opinion delivered March 29, 1915.

1. DRAINAGE DISTRICTS—OVERFLOW—LIABILITY OF CONTRACTOR.—The contractors who do the work upon a drainage district, are not liable for overflow caused by the improvement, except for negligence or unskillfulness in constructing the improvement.

2. APPEAL AND ERROR—INSTRUCTIONS—EFFECT OF 'SPECIFIC OBJECTION.—The rule that a request for a correct instruction is tantamount to a specific objection to an erroneous one, does not apply when there has been a specific objection upon different grounds. A specific objection to an instruction amounts to a waiver of all other objections to it.

3. INDEPENDENT CONTRACTOR—NEGLIGENCE.—An independent contractor is liable only for unskillfulness or negligence in his work which results in an injury to a third party, but he can not escape liability on the ground that the method of construction which he employed, and which resulted in damage to the plaintiff was necessary for his own convenience in finishing his work in the time fixed by the contract.

4. DRAINAGE DISTRICTS—OVERFLOW—LIABILITY OF CONTRACTOR.—A contractor constructing a drainage ditch, can not escape liability for damages to plaintiff's land by overflow, on the ground that the act causing the overflow was done at the direction of the district engineer, in the absence of a showing that the act done was a necessary part of the work, it appearing that it was done for the contractor's convenience.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver*, Judge; affirmed.

*S. L. Gladish*, for appellant.

*J. W. Rhodes, Jr.*, and *W. J. Lamb*, for appellee.

McCULLOCH, C. J.   This is an action instituted by appellee to recover damages resulting from alleged negligence of appellant in damming up a drainage ditch so as to cause water to overflow lands rented by appellee for the year 1912, and to prevent the planting and cultivation of crops.   There was a drainage ditch known as the Wilson ditch which ran along the boundary of lands in question, but another drainage district was formed to enlarge and extend that ditch, and the commissioners let the contract to appellant to do the work. It is alleged that in doing the work, the Wilson ditch was dammed up and kept in that condition for several months, and that as a result, the lands rented by appellee from Lovell were overflowed.   This occurred in June, 1912, and it is claimed that the greater portion of the land was rendered wholly unfit for cultivation, and prevented the planting of crops, and that a certain amount of crops of corn, which had been planted and were being cultivated to maturity, were destroyed. The court submitted the case to the jury upon instructions concerning the measure of damages, which permitted the jury to assess damages based upon the rental value of the lands which could not be planted or cultivated on account of the alleged overflow, and upon the actual value of immature crops which were destroyed by the overflow. The jury returned a verdict in favor of appellee, and assessed the damages in the sum of $600.

(1)   It is contended that the testimony is not sufficient to sustain the verdict, but we are of the opinion that there is enough testimony to warrant a finding that the damming up of the ditch was not a necessary part of the construction work which appellant had undertaken to do, that it constituted an act of negligence, and that it caused the overflow which damaged appellee in the planting and cultivation of his crops.   The law of the case was declared in *Wood* v. *Drainage District*, 110 Ark. 416, 161 S. W. 1057, and in the case of *Timothy J. Foohey Dredging*

*Company* v. *Lovewell, supra.* In the last case we said that "a drainage district, or other public agency of that kind, is not liable for negligence in constructing a contemplated improvement, and that the contractors who do the work are not liable except for negligence or unskillfulness in constructing the improvement." The court gave several instructions, telling the jury that appellant was not liable unless the damming up of the ditch constituted an act of negligence on the part of the appellant, and caused the damage to the crops.

It is true that the court gave two instructions, at the instance of appellee (instructions Nos. 1 and 6), which omitted any reference to negligence in the construction of the ditch, and made the right of appellee to recover depend solely on the damming up of the ditch and the consequent overflow of the land, but appellant failed to make appropriate objections to those instructions. The objections were specific and based on other grounds. The court gave other instructions, at the request of both parties, submitting the question of negligence, and doubtless if the omission of that issue from the two instructions mentioned above had been called to the attention of the court, they would have been cured, but appellant contented itself with specific objections based upon entirely different grounds from that, and thereby waived the defect in the instructions.

(2)   Counsel invoke the rule, stated in many of our cases, to the effect that a request for a correct instruction is tantamount to a specific objection to an erroneous one. *St. Louis, I. M. & S. Ry. Co.* v. *Bright,* 109 Ark. 4. That rule does not apply, however, where there has been a specific objection upon different grounds, for that is an affirmative act which constitutes a waiver of all other objections. Where a party specifically objects to an instruction, it in effect says to the court that all other objections are waived, and it would be permitting a party to take advantage of his own mistake for him to set forth another defect as reversible error.

(3)   It is insisted, however, that the court erred in refusing to give instruction No. 4, which, it is said, conformed to the law as stated in *Wood* v. *Drainage District, supra,* and which reads as follows: "You are further instructed that the defendant had a contract to dig ditches in Ditch District No. 12, that they were under bond to complete the same within a certain specified time set out in the contract, that they were operating on the right-of-way of said Ditch District No. 12, and if you find that it was necessary to construct said dam across the Wilson ditch in order to enable the defendant to build the ditches in Ditch District No. 12 under their contract, and that said dams were not negligently constructed, or constructed in such a manner, as to cause the water to flow upon the defendant's land and thereby destroy his crop or prevent him from making a crop under ordinary circumstances, you will find for the defendant." That instruction does not, we think, state the law correctly, and was calculated to mislead the jury, therefore, the court was right in refusing to give it. It was perhaps intended as an attempt to conform to the rule in previous cases, but it goes further and in effect informs the jury that if it was necessary for appellant to dam up the ditch in order to perform its contract within the time limit specified therein, there would be no liability. That is not the law. An independent contractor is not liable except for negligence or unskillfulness in the performance of his work, and if he confines himself to a skillful performance of the work he has contracted to do, he is not responsible for damages which necessarily result from the construction of the work. He can not, however, escape liability merely on the ground that the method of construction was necessary for his own convenience in performing the contract. Now, the contract in this case shows that there was a time limit for its performance, but appellant could not justify itself, for damages inflicted, solely on account of that feature of the contract. In other words, it could not assume an obligation which of itself would justify the doing of an injury to some one else. If the instruction had been con-

fined solely to the issue as to whether or not the damming of the ditch was an essential part of constructing the work contemplated by the organization of the district, it would have been correct and should have been given. The jury might have understood from it that the mere fact that it was necessary to construct the dam across the Wilson ditch in order to comply with the contract within the time specified constituted a defense.

(4)   It is also contended that the court erred in refusing to give the following instruction: "6. You are further instructed that if the dam so constructed across the Wilson canal was built under the direction and supervision of the engineer in charge of Drainage District No. 12, and if you further find that said engineer was acting under the supervision and at the instance of the commissioners in charge of the said Drainage District No. 12, you will find for the defendant." We think the court was correct in refusing to give this instruction, for, if the damming up of the ditch was not a necessary part of the construction contemplated in the contract, but was merely done for the convenience of the contractor in performing the contract within the time specified, it is no justification to show that the work was done under the direction of the engineer and the commissioners. There must be some remedy in the law for injury done to one's property, and the drainage district itself was not liable for any injury done except that which resulted necessarily from the construction of the improvement. Any injury that resulted from unskillfulness in the construction of the improvement necessarily falls on the one who was guilty of the misconduct.

There was objection to the instructions on the subject of the measure of damages, but we find that those instructions conform to the rules laid down by this court in other cases. *St. Louis S. W. Ry. Co.* v. *Morris,* 76 Ark. 542; *St. Louis, I. M. & S. Ry. Co.* v. *Hoshall,* 82 Ark. 387. The evidence was sufficient to justify the assessment made by the jury, when measured by those standards.

Affirmed.