KOCHTITZKY v. BOND.

Opinion delivered March 26, 1917.

NEGLIGENCE—DRAINAGE DITCH CONTRACTOR—BREAKING OF DAM—LIABILITY.—A contractor, constructing a drainage ditch will be liable for damages occasioned by the breaking of a dam erected by him, for his own convenience to facilitate the passage of his dredge boat.

Appeal from Poinsett Circuit Court, First Division; *W. J. Driver*, Judge; affirmed.

*S. L. Gladish*, for appellant.

1. Appellant was not liable (1) because he was an independent contractor on public work and complied with every requirement of the law in performing his contract and (2) because appellee did not make any effort to prevent damages to his property. The dam was necessary for the completion of his work.

The instructions given were not the law; besides they were conflicting. 122 Ark. 272.

The dam was necessary and was not negligently constructed. 110 Ark. 416; 118 *Id.* 1; 170 S. W. 1012.

2. It was an extraordinary rainfall—not to be anticipated. 64 S. W. 149; 6 L. R. A. (N. S.) 252; 6 N. W. 789; 67 Ind. 236. The dam did not increase the flow of water. Gould on Waters (3 ed.), 412-14.

3. It was the duty of appellee to take the proper precautions to save his logs. 8 R. C. L. 442-6; 102

Ark. 246; 105 U. S. 224; 67 Ark. 371; Sutherland on Damages, 90; 44 Mo. 303; 79 Ark. 484.

*Lamb, Turney & Sloan,* for appellee.

1. Appellant's requests were properly refused. The dam was not necessary for the construction of public work, but if so it was negligently constructed and appellant was liable. The river was a navigable stream. 178 S. W. 312; 39 Ark. 403. But if non-navigable, the right to erect dams can only be exercised in the manner prescribed by §§ 2966-2991 of Kirby's Digest.

The dam was an unlawful obstruction. 95 Ark. 298; 93 *Id.* 46; 99 *Id.* 132; 110 *Id.* 416. It was not essential to improvement. 118 Ark. 1; 50 S. W. 1049; 70 S. E. 126; 29 Cyc. 1198-9.

The rain was not unprecedented. 95 Ark. 297; 61 Ark. 381. The dam was at least a contributing cause to the injury. 95 Ark. 297; 89 *Id.* 581; 92 *Id.* 573; 101 N. Y. 736; 182 S. W. 1161; 89 Ark. 590.

The doctrine of contributory negligence does not apply. 12 Cal. 555; 80 Ga. 291; 4 S. E. 885; 122 Mass. 419; 123 *Id.* 254; 47 Pac. 194; 80 Ind. 379.

The jury were properly instructed and the evidence sustains the verdict.

McCULLOCH, C. J. This is an action instituted by appellee against appellant to recover damages alleged to have been sustained by the breaking of a dam constructed by appellant across Tyronza River. Appellee was engaged in getting out saw logs and floating them down Tyronza River to market, and he placed a large quantity of logs on the bank of Tyronza River preparatory to loading them in the river when the stage of water should become favorable for rafting and floating. The logs were placed at the dumping ground in the month of October, 1914, and remained there until they were washed away by a flood of high water on January 31, 1915. Appellant and another ditch contractor constructed a dam across the river a short

distance above the dumping ground occupied by appellee in piling his logs, and an unusually heavy rain occurring on January 30 and 31 caused the dam to break. It is alleged in the complaint that when the dam broke the accumulated water, by reason of the obstruction and of the excessive rainfall, caused an unusual rush of water down the river which washed the logs away from the high bank. Many of the logs were lost entirely and others recovered at considerable expense. The jury assessed damages in favor of appellee in the sum of $425.56, and it is not contended that the amount awarded is excessive. The trial court in its charge to the jury stated that it was undisputed that appellant participated in the construction and maintenance of the dam, and that the only issue to be determined was whether or not the loss complained of by appellee was caused by the maintenance and breaking of the dam. It is contended that the court was wrong in this instruction and that further issues should have been submitted to the jury to determine whether or not the construction and maintenance of the dam constituted negligence and whether or not appellant, under the circumstances, was responsible for the injury. Appellant defended on the ground that the construction and maintenance of the dam was an essential part of the construction of a certain improvement undertaken by him under his contract with the drainage district, and that the drainage district, rather than the contractor, was responsible for any injury which resulted.

Grassy Lake and Tyronza Drainage District No. 9, Mississippi county, was a district formed for the purpose of constructing a system of ditches, and appellant entered into a contract with the district to dig two of the ditches embraced in the system, one being designated as Ditch No. 1 and the other as Ditch No. 40. Ditch No. 40 emptied into Tyronza River on the east side a short distance above the place where the dam was constructed. Ditch No. 1 began at the foot of Spear

Lake about two miles west of Tyronza River, and thence ran southwesterly and emptied into the St. Francis river. The ditches were constructed by means of a large dredging boat, and when appellant finished the construction of Ditch No. 40 it was necessary to find means to transport the boat to the point where Ditch No. 1 was to begin at the foot of Spear Lake. The head of Spear Lake is about one-half mile from Tyronza River and there is a small bayou which connects the two bodies of water. The only way to get the boat from Tyronza River over to the beginning of Ditch No. 1 was to raise the water in Tyronza River so that there would be enough water for the boat to dredge its way through the bayou into Spear Lake and thence through Spear Lake to the beginning point of Ditch No. 1. The engineer of the drainage district procured from the owners of the land through which the bayou ran a right of way for the use of the bayou in getting the dredge boat through, and appellant used the way under that license. The dam in question was built pursuant to the aforementioned plan for getting the boat over to the place where the work on Ditch No. 1 was to be commenced. The contention of appellant is that the state of facts related above brings the case within the rule that a contractor for the construction of a public improvement under contract with an improvement district or other public agency is only liable for negligence or unskillfulness in the performance of his work, and is not responsible for injury inflicted by acts which constitute "an essential part of constructing the work contemplated by the organization of the district." We do not think that the facts of the case bring it within that rule, but on the other hand that the construction and maintenance of the dam was solely for the convenience of the contractor in transporting his equipment. If injury resulted from the damming of the stream the contractor alone is responsible. In *Foohey Dredging Co.* v. *Mabin*, 118 Ark. 1, we said: "An independent contractor is not liable except for negligence or unskillfulness in the

performance of his work, and if he confines himself to a skillful performance of the work he has contracted to do, he is not responsible for damages which necessarily result from the construction of the work. He can not, however, escape liability merely on the ground that the method of construction was necessary for his own convenience in performing the contract. Now, the contract in this case shows that there was a time limit for its performance, but appellant could not justify itself for damages inflicted solely on account of that feature of the contract. In other words, it could not assume an obligation which of itself would justify the doing of an injury to someone else. If the instruction had been confined solely to the issue as to whether or not the damming of the ditch was an essential part of constructing the work contemplated by the organization of the district, it would have been correct and should have been given. The jury might have understood from it that the mere fact that it was necessary to construct a dam across the Wilson ditch in order to comply with the contract within the time specified constituted a defense."

The jury might have found in that case that the damming up of the Wilson ditch was an essential part of the construction of the improvement which the defendant had contracted to perform, and we held, therefore, that it would have been proper to submit that question to the jury. In the present case there is no ground upon which a finding could be sustained that the damming of Tyronza River was a part of the construction of Ditch No. 1 or Ditch No. 40. It was a mere means of transporting the dredge boat from one ditch to another, the two ditches not being continuous or in any way connected together. Even though the engineer of the district obtained the right of way for the dredge boat to pass through the bayou and into Spear Lake, this was done merely for the convenience of the contractor, and the damming of Tyronza River was also for his convenience in supplying water to use in dredging

through the bayou. The trial court was, therefore, correct in eliminating that issue from the jury. Nor was there any question of negligence involved in the act, for if the breaking of the dam was the cause of the injury to appellee, who was rightfully using the bank of the stream, the person who constructed and maintained the dam was liable for the damages inflicted, and this is true whether the stream was navigable or nonnavigable. *L. R., M. R. & T. Rd. Co.* v. *Brooks*, 39 Ark. 403; *St. L., I. M. & S. Ry. Co.* v. *Magness*, 93 Ark. 46; *St. L. S. W. Ry. Co.* v. *Mackey*, 95 Ark. 297; *Taylor* v. *Rudy*, 99 Ark. 128.

The only question in the case, therefore, was whether or not the breaking of the dam caused the injury, and that question was settled by the jury upon legally sufficient evidence. It is insisted that the evidence is not sufficient to show that the injury resulted from the breaking of the dam, but after careful consideration we are of the opinion that the jury was warranted in reaching that conclusion from the evidence adduced. There was an unusually heavy rainfall, and the evidence warranted the finding that but for the damming up of the waters the flood would have passed away without reaching sufficient height to wash away the logs piled by appellee on the bank, and that the damming up of the river and the sudden rainfall together caused such a great rush of water when the dam broke that the logs on the bank were washed away.

Judgment affirmed.