St. Louis-San Francisco Railway Company *v.* Ozark White Lime Company.

Opinion delivered July 9, 1928.

*E. T. Miller* and *Warner, Hardin & Warner,* for appellant.

*Pearson & Pearson,* for appellee.

McHANEY, J. Appellee shipped a carload of lime from its kilns at Johnson, Arkansas, consigned to the Spurrier Lumber Company, Okmulgee, Oklahoma, over appellant's line of railroad, on or about the 11th day of April, 1927, of the value of $321, for which bill of lading was issued. Appellant accepted said shipment, and undertook to deliver the same to the consignee. Said car of lime was taken to the town of McBride, Oklahoma, where it was placed upon a sidetrack about three feet lower than the main line, and where it remained until it was destroyed, on or about the 18th day of April, 1927, by coming in contact with the flood waters from Grand River, near said town, and was burned. It was delayed at McBride, in the first instance, on account of a landslide which covered the tracks west of McBride, so that the train could not proceed.

On account of the excessive rains falling in the month of April of that year, and general flood conditions, the Arkansas River and this particular stream were very high, and the backwaters therefrom flooded the tracks near McBride. On the day this car of lime was

destroyed, appellant had an engine available to move this car off the sidetrack to the higher ground of the main line, but did not do so. This engine was used to go west across the flooded area and remove some cars from a spur-track that was about to be flooded, but did not move the car of lime. Appellee brought this action to recover the value of the lime destroyed, and recovered a judgment therefor in the sum of $321.

The first assignment of error urged for our consideration is that appellee failed to establish actionable negligence, that appellant was not negligent in any particular, but, on the contrary, the proof showed that the proximate cause of the loss was an act of God. It is true that it is an elementary rule that a carrier is not liable for loss caused solely by the act of God. It is also true that a flood, unprecedented, as this was shown to be, constitutes an act of God. As said by this court in *St. L. I. M. & S. R. Co.* v. *Wood,* 99 Ark. 363, 138 S. W. 461: "The undisputed evidence shows that appellant could not perform its contract to transport the cattle to Kansas City because of an act of God. The flood that washed away appellant's track was an act of God within the exception to the carrier's liability as an insurer of freight in his hands for transportation."

But, on the contrary, it is equally well settled and elementary that, in order for a carrier to be excused from its liability as an insurer by reason of destruction of the goods by an act of God, the act of God must be the sole and proximate cause of the injury. Where the damage is occasioned by the concurring force of the carrier's negligence, and from other causes for which the carrier is not responsible, including the act of God, the carrier is still liable in damages if its negligence is one of the proximate causes of the injury.

In *St. L. S. W. Ry. Co.* v. *Mackey,* 95 Ark. 297-301, 129 S. W. 78, it is said: "The act of God which excuses must be not only the proximate cause, but the sole cause. And where the act of God is the cause of the injury, but the act of the party so mingles with it as to be also an

efficient and cooperating cause, the party will still be responsible." *Johnson* v. *Mo. Pac. Rd. Co.*, 167 Ark. 660, 269 S. W. 67.

Bearing these rules in mind, we are of the opinion that the act of God was not the sole and only proximate cause of the destruction of this car of lime. Appellant placed it on the sidetrack, some three or four feet lower than its main line tracks, four or five days before it was destroyed. During all this time rains were falling and the flood was rising, gradually but continuously. There was no sudden and unexpected rise in the Grand River. The heavy rains had caused the landslide which obstructed the tracks, and, at the time the car was set on the sidetrack, the backwaters from Grand River were near the track, and continued gradually to rise until it covered the sidetrack to such a depth that it flooded the lime, thereby causing it to slack, heat, and be destroyed; and, even though the tracks at this point had never been flooded before, and that the high waters on this occasion were unprecedented, still it cannot be said as a matter of law that it was such a contingency that appellant could not have foreseen and anticipated, by the exercise of ordinary care, foresight and judgment.

As above stated, on the afternoon of the destruction of this car appellant had an engine present, and could have moved this car to higher ground, but neglected to do so.

In *Lamar Mfg. Co.* v. *St. L. S. F. R. Co.*, 117 Mo. App. 453, 93 S. W. 851, it is said:

"In the exercise of reasonable care, of which negligence is the antonym, human foresight and prudence cannot foresee and guard against the sudden, unheralded, and overwhelmingly powerful outbursts of natural forces, and because neither time, place, nor destructive power of such visitation may be anticipated, people cannot be expected to act with reference to them, and therefore negligence which, by chance, places person or property within destructive reach, should not be deemed a cooperative cause of injury. * * * But, when an extraordinary

natural disturbance gives warning of the time and path of its approach, and of its general magnitude and power, they (such as common carriers) whose business places them in charge of the safety of persons and of property of others, are charged with the duty of exercising care commensurate with the exigencies of the situation, to protect those whom they serve against injury from the approaching danger. A breach of such duty is negligence, and, if injury results, must be regarded as approximate, and not a remote cause of the injury.''

We therefore hold against appellant on this contention.

The next assignment of error is that the title to the shipment had passed to the consignee, and that the consignor had no right of action against appellant for the loss of the goods. There is no evidnce in the record to justify this assignment. Appellee testified that he was the owner of the goods. It was not tried in the circuit court on this theory, and the question was not raised there. It is presented here for the first time. We have examined the evidence, and find it sufficient to show that the car of lime was the property of appellee.

It is next contended that the court erred in the giving and refusing to give certain instructions. We do not set them out here, as no useful purpose could be served thereby. We have examined the instructions given and those refused, and find that the court fully and fairly instructed the jury in accordance with the principles of law heretofore announced in this opinion.

It is finally insisted that the court erred in admitting the following testimony, over appellant's objection, by witness Gulley:

''Q. Mr. Gulley, a juror was asking a question awhile ago, Mr. Guinn, I believe, about, if this car had been on the main line, would it have burned, would the water have got to the lime? A. Right opposite where the car stood there at McBride? Q. Yes sir. A. No sir. Q. You say that it would not have? Go ahead now. A. The water would not have got to the lime in the car if it had

been on the main line opposite where it was sitting on the spur.''

There was no error in admitting this testimony. Its purpose was to show that, by slight effort and diligence on its part, appellant could have moved the car from its sidetrack to its main line, just opposite where it stood, and have saved it from destruction. It was not the expression of a conclusion, but was a statement of a fact within the knowledge of the witness, to the effect that the high water did not get over the main line tracks at the point opposite to where the car was stored sufficiently high to have destroyed the lime.

We find no error, and the judgment is affirmed.