MANILA SCHOOL DIST. No. 15 v. SANDERS.

5-896                                              289 S. W. 2d 529

Opinion delivered April 23, 1956.

*Oscar Fendler*, for appellant.

*Bruce Ivy*, for appellee.

ED. F. McFADDIN, Associate Justice. The appellant, Manila School District No. 15 of Mississippi County (hereinafter designated as "School District"), filed this action against Earl Sanders, the Johns-Manville Sales Corporation, the Hartford Fire Insurance Company, and five other insurance companies. The complaint alleged that Sanders contracted to put a Johns-Manville roof on the gymnasium building of the School District; that the roof leaked and was defective, for which Johns-Manville Corporation was liable; that the School District carried insurance on the gymnasium building with the Hartford

Company and the other five insurance companies, containing coverage against windstorm and hailstorm, and that the insurance companies were liable for some of the plaintiff's damages; that, after several unsuccessful efforts to fix the leaks in the roof, Sanders removed several sections of the roof from the gymnasium building, without taking proper precautions against possible rain; and that a rainstorm damaged the floor of the gymnasium to the extent of several thousand dollars, for which Sanders was liable.

Before trial, the Johns-Manville Sales Corporation paid the School District $274.00, and the action was dismissed against that company. Likewise, the School District, after conceding certain payments to have been received, dismissed its complaint against all of the insurance companies. Thus Sanders remained as the sole defendant. In his answer and cross-complaint, Sanders claimed, *inter alia*: (a) that he put the roof on the gymnasium according to the plans and specifications furnished him; (b) that he did extra work on the roof in the amount of $473.00 for which he prayed judgment; and (c) that he did not fail ". . . to take any precaution to protect the roof or interior of the gym from being flooded with water either before or after the roof was exposed, and denies that his crew rushed off the job and allowed the water to pour into the gym and flood the floor of the gym."

The case was tried to a jury and resulted in a verdict for Sanders and the School District has appealed, presenting the points to be later discussed, after we have first made some observations on the record before us.

I. *The Record Before Us.* When the appellant gave notice of appeal, it also designated the points upon which it would rely on appeal and designated that portion of the record which it desired.[1] Such action on the

---

[1] We copy below the designation of the record on appeal and statement of points, as made by appellant, at the time notice of appeal was given: "In accordance with §§ 8 and 11 of Act 555, Acts of the Arkansas General Assembly, 1953, I, Oscar Fendler, as attorney for the plaintiff, Manila School District No. 15, of Mississippi County, Arkansas, which has filed its Notice of Appeal, do hereby designate the contents of record on appeal and make its statement of the points on which it intends to rely on the appeal.

part of the appellant was in full compliance with Act 555 of 1953, which is the applicable practice Act in such cases. If appellee, Sanders, had desired any additional portion of the record to be brought up, he had only to follow the provisions of Act 555. He did not designate any additional record to be furnished, and so he cannot now be heard to say that some portion of the testimony not before us caused the Trial Court to make certain rulings. Section 12 of Act 555 says in part:

"Where the record has been abbreviated by agreement or *without objection from opposing parties,* no presumption shall be indulged that the findings of the trial court are supported by any matter omitted from the record." (Italics supplied.)

---

### *"Designation of Contents*

"I. All pleadings and other written matter that has been filed with the Clerk.

"II. The instructions to the jury given by the Court and all instructions to the jury offered by the plaintiff, or proposed by the plaintiff whether given by the Court or refused by the Court. Also all objections that plaintiff made to instructions as finally given by the Court, together with any other objections or reasons offered by plaintiff's counsel in regard to any instructions.

"III. The testimony of R. C. Fincher.

### *"Statement of Points*

"I. The Court erred in giving Court's Instruction No. 4, because this Instruction does not correctly state the law relating to 'Act of God'; and because that there was no substantial evidence of any damage being caused by 'Act of God' or by 'some other cause or causes' on and after March 1, 1954, the date that the Court and parties agreed was the time of alleged damage to the gymnasium floors.

"II. The Court erred in giving Court's Instruction No. 5, as modified; because same is only a partial statement of the law relating to 'Act of God'; because the Court should have added to this Instruction the words specifically requested by the Plaintiff; and because the Instruction made no reference to the defendant Sanders having the burden of proving this defense.

"III. The Court erred in refusing to give plaintiff's Instruction No. 3, because this proposed Instruction correctly defined the law of 'Act of God' and placed the burden of proving same upon the defendant who relied thereupon.

"IV. The Court erred in declining to give plaintiff's proposed Instruction No. 2, because this Instruction correctly stated the law of indemnity under insurance policies, and its omission could have easily confused the jury in concluding that plaintiff has already been paid fully for this alleged tort of defendant Sanders.

"V. The Court erred in refusing to admit the testimony of R. C. Fincher in regard to the reasons for the Insurance Company's making any payments to the plaintiff for alleged storm damage."

We dwell on this matter in detail because appellee insists in several places in his brief that certain testimony not before us would explain away arguments that the appellant makes.[2] The answer to such insistence of appellee lies in the fact that the appellee should have designated such additional portions of the omitted evidence as he thought material and that it is too late now for him to urge before us that certain omitted evidence was material. In the recent case of *Griffin* v. *Young*, 225 Ark. 813, 286 S. W. 2d 486, we held that we can no longer in a "point-designated-short-record-appeal," indulge any presumption that something omitted explains away the point which the appellant aptly designated.

II. *Instructions Relating to "Act of God."* The Court gave to the Jury the Court's Instructions Nos. 4 and 5, which read:

"COURT'S INSTRUCTION NO. 4. On the other hand, if you find that the alleged damage to the gymnasium floor of February or March, 1954, of the plaintiff School District was not caused by the negligence of the defendant Sanders, but was caused by an Act of God or from some other cause or causes, your verdict will be for the defendant.

"COURT'S INSTRUCTION NO. 5. Under the law an 'Act of God' is a violent disturbance of the elements, such as a storm, tempest or flood, and it must be the immediate, proximate and sole cause of the loss or damage, not concurred in by the negligence of the defendant, his agents, servants or employees. The Act of God which excuses must be not only the proximate cause, but the sole cause."

To these instructions the School District objected generally and specifically,[3] claiming, *inter alia*, that the

---

[2] The following appears in appellee's brief: "Appellant did not file with this Court an abstract of the testimony of the witnesses. It will be presumed that all the testimony supported the verdict of the jury, and the judgment of the Court. It is also presumed that the Court gave proper instructions covering the pleadings and the issues as developed from the testimony of witnesses."

[3] Parts of the specific objections were as follows: "The plaintiff now objects to the Court's Instruction No. 5 on the ground that it is merely a partial statement of the law relating to Act of God and that

Court should further instruct the Jury regarding the Act of God as follows:

"Therefore, unless you find that the defendant Sanders and his employees were free from fault and that their acts of negligence, if any, did not contribute to or corroborate with an alleged rainstorm in causing the damages here sued upon, your verdict would be for the plaintiff."

Although the quoted language was lifted from an instruction approved by us in *Lee* v. *Crittenden County,* 216 Ark. 480, 226 S. W. 2d 79, the Court refused to give the language as requested by the School District. We hold that the Court committed error in failing to give the cautionary instruction as just copied. There is nothing in the pleadings to show that Sanders pleaded that the sudden rainstorm which came up was the act of God; but something must have happened in the course of the trial to cause the Court to give Instructions Nos. 4 and 5 which the Court gave and which we have copied; and when the Court gave those Instructions it should also have instructed the jury as requested by appellant, because, where the negligence of a party concurs with the act of God, then the act of God is no defense. *Mitchell* v. *Hahn,* 131 Ark. 286, 198 S. W. 528; *Arkansas Land & Lbr. Co.* v. *Cook,* 157 Ark. 245, 247 S. W. 1071; *Hope Basket Co.* v. *Thomasson,* 190 Ark. 956, 82 S. W. 2d 241; and *Lee* v. *Crittenden Co.,* 216 Ark. 480, 226 S. W. 2d 79.

III. *Instruction On Amount Paid By Insurance Companies.* The School District asked the Court to instruct the Jury as follows:

"PLAINTIFF'S PROPOSED INSTRUCTION NO. 2. You are further instructed that any recovery that the Manila School District might have received from an insurance company or from a number of insurance

---

the court should specifically tell the jury, just as in the case of *Lee* v. *Crittenden County,* 216 Ark. 480; in other words, the Court should further instruct the jury, that therefore, this should be added to Instruction No. 5: 'Therefore, unless you find that the defendant Sanders and his employees were free from fault and that their acts of negligence, if any, did not contribute to or corroborate with an alleged rainstorm in causing the damages here sued upon, your verdict would be for the plaintiff.' "

companies was upon a private contract of indemnity that existed solely between the plaintiff School District and those insurance companies, with the premiums paid by the plaintiff School District, and with such recovery being for the sole and exclusive benefit of the plaintiff School District and not for the benefit of the defendant Sanders; and that any payment made by any of the insurance companies to the School District is not a credit upon anything that this jury might find is owed by the defendant Sanders."

The Court refused this instruction and the point was duly preserved. The Instruction should have been given. The only testimony brought before us is that of the witness, Fincher, who was an adjuster for some of the insurance companies; and that witness testified that he paid the School District for his insurance companies a total of about $700.00 because of windstorm and hailstorm damage.

The purpose of the plaintiff's Instruction No. 2 was to tell the Jury that any money the School District had received from the insurance companies had nothing to do with the liability of Sanders to the School District for leaving the roof exposed. We have already recited that the Johns-Manville company was at one time a defendant and six insurance companies were at one time defendants, and that they all went out of the case by payment and settlement. Without Instruction No. 2 being given, the Jury might have concluded that the only damage to the gymnasium floor was $700.00 or less and that the School District had received that amount from the insurance companies and could have concluded that the School District had received full compensation. The Instruction No. 2 was a cautionary instruction that should have been given.

For the errors indicated, the judgment is reversed and the cause is remanded.

Mr. Justice MILLWEE dissents.