80   438
j82   503

80   438
87   281
f87   533

HAMILTON-BROWN SHOE COMPANY *v.* CHOCTAW MERCANTILE

COMPANY.

Opinion delivered October 8, 1906.

1.   ACCOUNT STATED—CONCLUSIVENESS.—Where, in a transaction between merchants, an itemized account is rendered, objection thereto must

be made within a reasonable time, or it becomes an account stated and subject to attack for fraud or mistake only. (Page 440.)

2. ACCOUNT RENDERED—EFFECT OF RETENTION WITHOUT OBJECTION.—Retention of an account rendered without objection is evidence of more or less weight according to the length of time, the business, character, and education of the parties and all the circumstances of the case. (Page 440.)

3. REFUSAL TO GIVE SPECIFIC INSTRUCTION—PREJUDICE.—It is error to refuse to give a specific instruction correctly and clearly applying the law to the facts of the case, even though the law in a general way is covered by the charge given, unless it appears that no prejudice has resulted. (Page 440.)

Appeal from Perry Circuit Court; *Robert J. Lea,* Judge; reversed.

*Carmichael, Brooks & Powers,* for appellant.

1. The court erred in refusing to give the instruction numbered 1 asked for by the plaintiff. It was defendant's duty to report any shortage which it claimed within a reasonable time; and if it failed to do so, such failure was a fact proper for the jury to consider. 61 Ark. 101. Failure to assert the claim works an estoppel. 16 Cyc. 770.

2. If there is any evidence to sustain a party's theory of a case, it must be submitted to the jury under proper instructions from the court. 50 Ark. 549.

*Sellers & Sellers,* for appellee.

1. The case having been tried upon conflicting testimony, the verdict of the jury is conclusive.

2. The first instruction asked by plaintiff was properly refused. It is not the duty of the court to single out any particuar phase of a case and tell the jury to consider that in determining their verdict.

HILL, C. J. Appellee gave two orders to appellant which amounted to $1,446.29. One was a small mail order of $2.39 which was not a matter of controversy. The appellants could not fill all of the large order when it was received, and filled what it had in stock, amounting to $1,182.30, and stamped upon the invoice of the goods sent: "Goods short on this order we are out of at present, but will ship the same as soon as possible." The goods were packed in 45 cases, and 45 cases in good order and apparently unbroken were received by appellee.

Appellee claims that there was a shortage of $231.90 from the bill of $1,182.30. Appellant claims that there was no shortage, but merely part of the order was not filed, and the appellee was only charged with the amount of the order which was filled, and was not charged with any goods not sent, and that the 45 cases contained the goods represented by the bill of $1,182.30. There was a sharp and irreconcilable conflict in the testimony on this issue.

Appellant asked and the court refused to give this instruction:

"1.  You are instructed that it was the duty of the defendant, if it claimed a shortage, to report the same within a reasonable time; and if you find it failed to do so, you may consider that fact, together with all other facts in the case, as to whether or not it received all the goods with which it is charged."

The facts bearing on this were:  The goods were shipped June 23, 1903, and invoice and itemized account sent to appellee under that date.  On October 7 appellee paid $600 on the bill, and on November 12 paid $300 on it, and on November 18 for the first time claimed a shortage, and then sent a check for $50.46 which appellee claimed balanced the account.  It is well settled that when an itemized account is rendered objection must be made within a reasonable time, or it becomes an account stated and subject to attack for fraud or mistake only.  *Lawrence* v. *Ellsworth*, 41 Ark. 502; *Weed* v. *Dyer*, 53 Ark. 155; 1 Am. & Eng. Enc. Law (2 Ed.), pp. 448 and 449.  This rule originated in the custom of merchants, and is in some jurisdictions confined to merchants; and its force is lost if extended beyond business men in business dealings.  The retention of the account without objection is evidence of more or less weight according to the length of time, the business, character, education of the parties and all the circumstances of the case.  1 Am. & Eng. Enc. Law (2 Ed.), pp. 449 and 450; 1 Elliott on Evidence, § § 108, 231.

The instruction in question correctly applied this rule to the facts of the case, so far as it could be applied without instructing. on the weight of the evidence, and should have been given.  It is error to refuse to give a specific instruction correctly and clearly applying the law to the facts of the case, even though the law in a general way is covered by the charge given, unless it appears

that prejudice has not resulted. *St. Louis & S. F. Rd. Co.* v. *Crabtree,* 69 Ark. 134; *St. Louis, I. M. & S. Ry. Co.* v. *Robert Hitt,* 76 A,rk. 227; 11 Enc. Pl. & Pr. 181 *et seq.* The general charge was a full and clear presentation of the case to the jury, as far as it went, but did not touch this phase of it; and as there was a sharp conflict in the evidence, it can not be said that depriving appellant of the benefit of the law as stated in this instruction was not prejudicial.

The judgment is reversed, and cause remanded.