PRESCOTT & NORTHWESTERN RAILWAY COMPANY *v.* WELDY.

Opinion delivered November 5, 1906.

1. TRIAL,—REFUSAL OF SPECIFIC INSTRUCTION.—An action against a railroad company for the negligent killing of a locomotive engineer, where plaintiff's contention was that the death was caused by the negligence of the defendant in permitting its track to get out of repair, and defendant's was that the injury was partly due to a defect in the engine which was pointed out to plaintiff's intestate, and which it was his duty to repair, it was error to refuse a specific instruction asked by defendant to the effect that if intestate was guilty of negligence in the particular mentioned which contributed to the injury, there could be no recovery; even though the court had given a general

instruction which predicated plaintiff's right to recover solely on the defect in the track. (Page 457.)

2. SAME—REFUSAL OF PROPER INSTRUCTION—PREJUDICE.—The refusal to give a proper instruction is deemed to be prejudicial unless it affirmatively appears that no injury resulted therefrom. (Page 457.)

Appeal from Nevada Circuit Court; *Joel D. Conway,* Judge; reversed.

### STATEMENT BY THE COURT.

Action brought by Lula Weldy, as administratrix of the estate of W. W. Weldy, deceased, against the Prescott & Northwestern Railway Company and the Ozan Lumber Company, to recover damages resulting on account of the death of Weldy caused, as alleged, by negligence of the defendants. The plaintiff recovered judgment below, and the defendants appealed.

*McRae & Tompkins, C. C. Hamby,* and *Thornton & Thornton,* for appellant.

1. The verdict is without proof to sustain it. There was positive evidence, uncontradicted, that the condition of the track complained of would not cause an engine such as was in use to wreck, and, further, that it was caused by slipping of cogs or pinions which it was the duty of deceased to keep in good condition, and to the unsafe condition of which his attention had been called.

2. The court erred in refusing instructions asked by appellant, which there was ample evidence to support, and to which appellant was entitled because no other instructions fully covered the points raised. 69 Ark. 138.

3. The language of counsel in argument was prejudicial to appellant, and, in view of the lack of evidence to support their verdict, must have influenced the jury to ignore the testimony of defendant's witnesses. Where prejudice has likely resulted from such language, this court will reverse, even though the trial court has tried to remove it. 58 Ark. 353; 61 Ark. 138; 65 Ark. 626; 70 Ark. 306; *Ib.* 183; 71 Ark. 416; 72 Ark. 139; 75 Ark. 557; 74 Ark. 210; 73 Ark. 453.

*Jones & Hamiter* and *J. O. A. Bush,* for appellant.

1. The exception to remarks of counsel is frivolous. The remarks were justified by the answer of appellant, and the evidence.

2. There is no error in the instructions given at request of appellee. They are in accordance with decisions of this court, and the statute. 67 Ark. 389; 48 Ark. 333; 44 Ark. 293; 70 Ark. 295; Kirby's Digest, § § 6290, 6137.

3. Appellant obtained all the instructions asked for by it which the law and facts justified, and there was no error in refusing the 1st, 2d, 3d and 4th.

McCulloch, J., (after stating the facts.) The first assignmen of error is that the evidence is insufficient to sustain the verdict. Weldy was employed as locomotive engineer by Ozan Lumber Company, one of the appellants, which said company was operating a train of cars over the railroad of appellant railway company under some arrangement or agreement between the two companies. The engine which he was operating was derailed and overturned at a sharp curve of the track, and he was killed. It is alleged that the defendants were negligent in permitting the track to get out of repair, in that the outside rail at the curve was lower than the inside rail, and caused the engine to leave the track. There was evidence to sustain the charge of negligence against the defendants in permitting the track to get out of repair. One witness testified that a few days after the killing occurred he examined the track at the curve where the engine left the track, and that the track was depressed, and the two rails were about level. Another witness testified that he examined the track at the same time, and found the outside rail to be about two inches lower than the inside rail. This testimony was contradicted by the testimony of several other witnesses, and an attack is made upon the testimony of one of the witnesses for plaintiff on account of his interest in the result of the action, but these were matters to be settled by the jury in weighing the evidence.

There was testimony, introduced by the defendants, tending to establish the fact that the cause of the engine leaving the track was the slipping of pinions or cogs attached to the wheels of the engine; that it was the duty of Weldy as engineer to repair the defect which caused the accident, and that he was notified of such

defect. Several witnesses testified to these facts, and they are established by a preponderance of the evidence.

Now, this testimony tended to show, not only that the alleged negligence of the defendants in permitting the track to get out of repair was not the sole cause of the injury, but also that plaintiff's intestate was himself guilty of negligence contributing to his own injury. This is not directly contradicted; but, inasmuch as the judgment must be reversed on other grounds hereinafter stated, and as the testimony may be different on another trial, we need not say whether upon the whole the verdict is supported by the evidence.

The court was asked by the defendants to give the following instruction, which was refused:

"1. You are instructed that if you should find from the evidence that the injury in this case was caused by the slipping of the cogs or pinions, and that the deceased had been told of the danger, if he did not fix it, and continued to run the engine after being so told without fixing the same, your verdict should be for the defendants."

The testimony was conflicting as to cause of the accident, and this instruction was applicable to the defendant's theory of the case. There was direct testimony that the accident was caused by the cogs or pinions slipping, that Weldy knew of this dangerous condition, and failed to repair the defect, though it was, according to the undisputed evidence, his duty to do so. The court should therefore have given the instruction; and, as it was not covered by any other instruction given by the court, we conclude that its refusal was prejudicial error, for which the case must be reversed.

While it is true that all of the instructions given by the court predicated the plaintiff's right to recover solely on the defect in the track or roadbed as set forth in the complaint, still the defendants were entitled to a specific instruction telling the jury that if the injury occurred from some cause other than that alleged in the complaint, or if the deceased was guilty of negligence in the particular mentioned which contributed to the injury, there could be no recovery.

This court has laid down the rule that a reversal must follow from the refusal of the trial court to give proper instruction

unless it affirmatively appears that no injury resulted therefrom. *St. Louis & S. F. Rd. Co.* v. *Crabtree,* 69 Ark. 134.

Certainly it can not be said in this case, where the evidence seems to clearly preponderate in favor of the defendant's theory as to the cause of the accident, that it affirmatively appears that no prejudice resulted from the court's refusal to give this instruction.

Improper remarks of counsel for appellee occurring in the argument of the case at the trial below are assigned as error. The remarks were highly improper, and should not have been indulged in; but, as they will probably not occur in another trial of the case, we need not discuss them, or decide whether or not the error was prejudicial.

Other errors of the court are assigned, but we find no other which would call for a reversal of the case. The second and fourth refused instructions asked by the defendants were covered by others given, and the third would have been covered by the first, if given.

For the error in refusing to give the first instruction asked by the defendant, the judgment is reversed, and the cause remanded for a new trial.