HUTSON MOTOR COMPANY *v.* LAKE.

4-3799

Opinion delivered March 25, 1935.

*Jones & Wharton*, for appellant.

*Fred M. Pickens*, for appellees.

JOHNSON, C. J. To compensate an injury which resulted in the death of Ike Lake, Sadie Lake, his wife, in her own right, and as administratrix of his estate, and as mother and next friend of Son, Earl and Oscar Lake, minor children and heirs at law of the deceased, instituted this suit in the Jackson Circuit Court against appellant, Hutson Motor Company. The complaint alleged that on June 27, 1934, Ike Lake, deceased, while crossing at the intersection of Laurel and Third streets in the city of Newport, Arkansas, and while in the exercise of due

634

care for his own safety, was violently struck and run over with and by an automobile belonging to appellant and driven by one of its employees, and died as a result of said injuries; that, due to the carelessness and negligence of appellants' employee in driving said car at a greater rate of speed than was reasonable and proper, with due regard to the traffic and use of the way, said injuries were inflicted, resulting as aforesaid. No point is made in reference to the amount of damages awarded, therefore this phase of the case is omitted from this opinion. Appellant answered the complaint thus filed, and denied all material allegations thereof, and specifically pleaded contributory negligence of the deceased in this, that deceased, at the time of his injury, was endeavoring to cross the street at a point not usually and ordinarily used by pedestrians.

A trial to a jury resulted in a verdict and judgment in favor of appellees, and this appeal follows.

Since the case must be reversed and remanded upon the ground hereinafter discussed, it will not be necessary to detail the testimony adduced by the parties. It suffices to say that the testimony on behalf of appellees was amply sufficient to establish the allegations of their complaint, and that in behalf of appellant was sufficient to establish negligence of the deceased, which contributed to his injury and death.

On the question of contributory negligence, appellant requested the court to give to the jury in charge the following declaration of law: "You are instructed that, even though you may find that defendant was guilty of negligence, as alleged in the complaint, still the plaintiff cannot recover if you find that plaintiff's decedent, Ike Lake, was guilty of any negligence that contributed to the injuries alleged to have been received by him and which injuries alleged to have resulted in the death of the said Ike Lake." The trial court refused to give this requested instruction and thereby committed reversible error. This instruction is a correct declaration of law and was especially applicable to the facts of this case. It has long been the rule in this State in cases similar to the one here under consideration that contributory negligence of

the injured party bars recovery if it contributes to the injury. *Walker* v. *Louis Werner Sawmill Co.*, 76 Ark. 436, 88 S. W. 988; *Warren Vehicle Stock Co.* v. *Siggs*, 91 Ark. 102, 120 S. W. 412; and *Ashur* v. *Byrnes*, 101 Ark. 197, 141 S. W. 1176.

True, the trial court instructed the jury as follows:

"I instruct you that, if you believe that the accident was due to the negligence of the deceased, Ike Lake, in crossing the street in not keeping a proper lookout there and exercising ordinary care and caution for his own safety in crossing the street and, due to that fact, he was injured, then, gentlemen, it would be your duty to find for the defendant." But this instruction does not cover appellant's request number 5. It will be observed that instruction number 8, given by the trial court, tells the jury that, if deceased's contributory negligence caused his injury, appellees could not under the law recover. But the law is, if deceased's contributory negligence caused or contributed to his injury, no recovery can be had.

It is well established that appellant's requested instruction number 5 was a specific objection to the court's instruction number 8, and it specifically directed the court's attention to the incompleteness of said instruction. *St. L.-S. W. Ry. Co.* v. *Ellis*, 169 Ark. 682, 276 S. W. 996. It appears therefore that the court refused to give to the jury in charge a correct requested instruction upon its substantial defense of contributory negligence, and that this request was not covered by any other instruction given. This constitutes reversible error. *Prescott & N. W. Ry. Co.* v. *Weldy*, 80 Ark. 454, 97 S. W. 452; *Western Coal & Mining Co.* v. *Buchanan*, 82 Ark. 499, 102 S. W. 694; *Western Coal & Mining Co.* v. *Burns*, 84 Ark. 74, 104 S. W. 535; *St. L. & S. F. Ry. Co.* v. *Dyer*, 87 Ark. 531, 113 S. W. 49; *Nebraska Underwriters' Ins. Co.* v. *Fouke*, 90 Ark. 247, 119 S. W. 261; *Kirchman* v. *Tuffli Bros. Pig Iron & Coke Co.*, 92 Ark. 111, 122 S. W. 239; *Ohio Handle & Mfg. Co.* v. *Jones*, 98 Ark. 17, 135 S. W. 455; *Western Coal & Mining Co.* v. *Moore*, 96 Ark. 206, 131 S. W. 960.

Other alleged errors are discussed in briefs, but they will probably not recur upon another trial; therefore we do not discuss them.

For the error indicated, the cause is reversed, and remanded for a new trial.