SPIKES *v.* HIBBARD.

5-839                                    288 S. W. 2d 38

Opinion delivered March 19, 1956.

*R. C. Waldron, Jack Holt* and *John F. Park,* for appellant.

*James A. Robb,* for appellee.

GEORGE ROSE SMITH, J.   Upon the reversal of the trial court's decree in this case the costs were assessed against the appellees pursuant to the usual practice under Supreme Court Rule 24 (b).  The appellees have filed a motion to retax the costs, contending that the appellants needlessly enlarged the record by designating for inclusion therein all the testimony taken below. The motion presents, as a matter of first impression, a point involving Act 555 of 1953.

That statute reads in part: "Section 12.  *Record to be Abbreviated.*  All matters not essential to the decision of the questions presented by the appeal shall be omitted  .  .  .  For any infraction of this rule  .  .  . the appellate court may withhold or impose costs as the circumstances of the case and discouragement of like conduct in the future may require."  Ark. Stats. 1947, § 27-2127.6.  In revising our rules in 1954 we stated in Rule 24 (e) that "the court will impose or withhold costs in accordance with Section 12 of Act 555 of 1953."

In the case at bar the appellants designated for inclusion in the record not only the pleadings and decree

but also "all the evidence, exhibits and proceedings" in the trial court. As a result of this designation the record contains 138 typewritten pages of transcribed testimony and exhibits. None of this testimony was abstracted in either brief, for the appellants' statement of the case narrowed the issue to a jurisdictional question raised by demurrer to the amended complaint. This court's decision was reached without reference to the testimony, which comprises more than three fourths of the record.

The appellants were right in not abstracting the testimony, as Rule 9 (d) requires that the abstract be limited to those matters that are necessary to an understanding of the questions presented to this court for decision. But the issue raised by the motion to retax the costs is whether the testimony should have been in the record at all. We think its inclusion was contrary to the purpose of § 12 of Act 555. It is the clear intention of that section to reduce the expense of litigation by encouraging the omission of matter irrelevant to the questions presented by the appeal. Doubtless there are situations in which there may fairly be a difference of opinion as to whether certain proceedings should be designated for inclusion in the record. But in this case the appellants in effect admitted by their opening statement that the transcribed testimony had no bearing upon the issues brought up for review. In these circumstances the statute contemplates that the appellees will be relieved from liability for the expense attributable to the unnecessary portions of the record. The motion to retax the costs is granted, the appellants to bear the cost of the reporter's transcription of the testimony.

HOLT, J., not participating.