ARK. FARMERS ASSN., INC. *v.* TOWNS.

5-2220                                          342 S. W. 2d 83

Opinion delivered January 16, 1961.

*Thompson & Thompson,* for appellant.

*Carroll C. Cannon,* for appellee.

ED. F. McFADDIN, Associate Justice. On December 19, 1960 we sustained appellee's motion to dismiss the appeal; and appellant has filed a petition for rehearing. Because there seems to be some confusion about the point here involved, we believe it is proper to deliver a written opinion for future guidance.

The judgment of the Trial Court was entered on February 25, 1960. Notice of appeal was filed by appel-

lant the same day; and contemporaneously the Trial Court granted the maximum of seven months for filing the appeal and record in this Court. Such time expired in September, 1960. Entirely disregarding such matters as (a) appellee's right to file "amended designation" for partial record after first designating the entire record, (b) appellant's failure to designate the points as regards the partial record and (c) appellee's power to waive the statutory requirements as to the time for filing the designation, we come to the vital point of the case.

The appellant filed designation for only a part of the record. The appellee within ten days thereafter (Section 8 of Act 555 of 1953, Ark. Stats., § 27-2127.2) filed his designation for additional record, specifying: "All of the pleadings, the testimony and exhibits of all of the witnesses, and the instructions given and refused by the Lower Court, the verdict of the jury on the complaint and the judgment on the complaint." On September 21, 1960 appellant filed in this Court a record consisting of nineteen pages of pleadings and court orders, and a transcript of twenty pages of testimony and exhibits, certified by the official stenographer as, ". . . the evidence taken of *all of the witnesses testifying on behalf of the plaintiff* in the case of *Arkansas Farmers Association, Inc.* v. *Homer Towns,* all exhibits introduced in evidence and offered in evidence and refused and all objections made by counsel for both sides, *said evidence being in plaintiff's* case in chief." (Emphasis our own.)

No additional record was ever filed; and on December 1, 1960 appellee filed motion to dismiss the appeal because the appellant had failed to file the *complete designated record.* We granted the motion to dismiss in a *per curiam;* but appellant vigorously seeks a rehearing, claiming that it filed a pleading praying the Court, ". . . that any additional testimony and record designated by appellee be paid for by appellee until the determination of this case, since no additional record is necessary or desirable in determining the questions to be presented by appellant on appeal." The appellant, by making such quoted claim, cannot avoid its obliga-

tion to file in this Court the record as designated by both appellant and appellee. Section 9 of Act 555 of 1953 (§ 27-2127.3, Ark. Stats.) says:

"If there be designated for inclusion any evidence or proceeding at the trial or hearing which was stenographically reported, the appellant shall file . . . a copy of the reporter's transcript of the evidence or proceedings. . . . If the designation includes only part of the reporter's transcript, the appellant shall file a copy of such additional parts thereof as the appellee may need. . . ."

The appellant, as the party seeking a reversal of the judgment of the Trial Court, had the duty to file in this Court, within the prescribed time, the record as designated by the appellee, just the same as to file the record designated by appellant. When the appellant attempts to appeal he may designate the portion of the record he desires, but if the appellee insists on additional portions then the appellant must also furnish what the appellee designates; and when the case is decided by us the appellant may ask that the cost of the unnecessary record be taxed against the appellee. *Spikes* v. *Hibbard,* 226 Ark. 93, 288 S. W. 2d 38. In *Manila School Dist.* v. *Sanders,* 226 Ark. 270, 289 S. W. 2d 529, we said: "If appellee, Sanders, had desired any additional portion of the record to be brought up, he had only to follow the provisions of Act 555." See also *Drewry* v. *Sykes,* 226 Ark. 539, 291 S. W. 2d 258. In short, we hold that, in the absence of a court order to the contrary, the appellant must file in this Court the record designated by both parties or suffer the appeal to be dismissed for failure to file the designated record and appellant cannot, on his own determination, cast on appellee the burden of paying for the additional record designated. This has been our consistent holding under Act 555. Heretofore we have merely made *per curiam* orders showing the result. In order to avoid misunderstanding, we now render this opinion; and the appellant's petition for rehearing is denied.