REED *v.* REED.

5-3413
385 S. W. 2d 33

Opinion delivered December 21, 1964.

*Levine & Williams,* for appellant.

No brief filed for appellee.

GEORGE ROSE SMITH, J. This is a divorce suit brought by the appellant. The chancellor granted the appellee a divorce on her counterclaim and also awarded her the

custody of the couple's two, children. It is contended that the court erred in restricting the plaintiff's right to testify and in finding that the testimony offered by the defendant was sufficient to establish a ground for divorce.

Upon the first point the record is evidently incomplete. At the trial the chancellor refused to permit the husband to testify about the merits of the case. We have no doubt that the chancellor had his reasons for this exceptional procedure, but the trouble is that the deficient record prevents us from reviewing the correctness of his action.

In the absence of any explanation a trial court's refusal to allow a party to testify is *prima facie* wrong. It was the appellee's duty to designate for inclusion in the record any explanatory matter that might be needed to support the court's action. We cannot indulge the presumption that the omitted portion of the record would sustain what appears to be an error. Ark. Stat. Ann. § 27-2127.6 (Repl. 1962); *Southern Farmers Assn.* v. *Wyatt,* 234 Ark. 649, 353 S.W. 2d 531. We have no choice except to set aside the decree.

In attempting to prove a ground for divorce the appellee confined herself to a statement, without details, that her husband had deserted her. Her only corroborating witness was her mother, whose testimony was equally deficient. Inasmuch as the case must be retried we merely point out that the proof must go beyond a recitation of conclusions of law and establish the specific facts that are relied upon to justify the party's demand for relief. *Dunn* v. *Dunn,* 114 Ark. 516, 170 S.W.234; *Sutherland* v. *Sutherland,* 188 Ark. 955, 68 S.W. 2d 1022. As the case has not yet been fully developed we do not attempt to review the court's child custody award.

Reversed.