Dorothy Beevers, Adm'x *v.* Wilburn W. Miller

5-4204                                                414 S. W. 2d 603

Opinion delivered May 8, 1967

[Rehearing denied June 5, 1967.]

*Chambers & Chambers* and *McKay, Anderson & Crumpler,* for appellant.

*Shaver, Tackett & Jones;* By: *Boyd Tackett,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends that the trial court erred in failing to give AMI 502, its requested Instruction No. 6. Appellee contends that this was not reversible error because the content of the proffered instruction was covered by the court's instructions numbered 6 (AMI 501) and 7 (AMI 203).

Appellant brought suit against appellee alone for wrongful death of her decedent while a passenger in a truck being driven by one Herschel Goodwin. She alleged that appellee, driving a truck negligently, forced Goodwin to swerve his vehicle off the road, on which both were traveling, to avoid a collision, causing the latter vehicle to overturn and the death of her decedent. Appellee defended on allegations that he did not meet the vehicle driven by Goodwin, and, in the alternative, that the sole proximate cause of the death was the negligence of the owner and operator of the vehicle driven by Goodwin. There was testimony that Goodwin was a young man, inexperienced in driving the truck, a top-

heavy oil rig, and was just learning to drive it. Appellee testified that he gave such a rig plenty of space on the day of the occurrence and that there was no crowding when he met it.

Appellee makes certain contentions about the record on appeal which are not well founded because of the provisions of Act 555 of 1953, the purpose of which was to simplify appellate procedure.

The first contention is that the bill of exceptions is not approved by the trial court. This is no longer necessary unless a difference arises as to the correctness of the record. See Ark. Stat. Ann. (Repl. 1962) §§ 27-2127.3, 27-2127.4, 27-2127.8 and 27-2129.1.

He next contends that the transcript of testimony and record designated by appellant is insufficient for the court to know whether the instruction in question should have been given and that the court will presume that the parts of the record omitted will support the action of the trial court. The objection is tardily made. Appellee had ten days after the filing of appellant's designation of the record within which to serve and file a designation of additional portions of the record. Ark. Stat. Ann. § 27-2127.2 (Repl. 1962). It was only necessary to have enough of the record to show that part pertaining to the one point contained in appellant's statement of points to be relied upon and we find nothing to show the inadequacy of the record in this respect. If appellant had designated more, she would have run the risk of an assessment of costs against her even upon reversal of the case. *Spikes* v. *Hibbard*, 226 Ark. 93, 288 S. W. 2d 38. As was there said, it is the clear intention of the act and particularly § 27-2127.6 to reduce the expense of litigation by requiring the omission of all matters not essential to the decision of the question presented by the appeal. It is there clearly stated that when the record has been abbreviated without objection from opposing parties, no presumption shall be indulged that the findings of the trial court are supported by any

matter omitted from the record. This court has so applied this statute uniformly, where appellant filed his designation of points to be relied upon, as was done here. *Griffin* v. *Young,* 225 Ark. 813, 286 S. W. 2d 486; *Manila School District No.* 15 v. *Sanders,* 226 Ark. 270, 289 S. W. 2d 529; *Bell* v. *Kroger Company,* 230 Ark. 384, 323 S. W. 2d 424. It is the duty of the appellee to designate for inclusion in the record any explanatory matter that might be needed to support the court's action. *Reed* v. *Reed,* 238 Ark. 840, 385 S. W. 2d 35. It was the duty of appellant to include in the record any additional record designated by appellee. *Arkansas Farmers Association, Inc.* v. *Towns,* 232 Ark. 997, 342 S. W. 2d 83. An appellee who fails to object to the record as abbreviated by appellant acts at his peril. *Southern Farmers Association, Inc.* v. *Wyatt,* 234 Ark. 649, 353 S. W. 2d 531.

Appellee also asserts that the abstract of the record by appellant is so deficient that the court cannot know whether the failure to give the instruction was prejudicial error. Although it is impossible for the seven judges of this court to explore a transcript to determine whether there was reversible error, this is not a case where sufficiency of the evidence to support a verdict is questioned and the relatively brief abstract of the abbreviated record was sufficient to be the "condensation without comment or emphasis, of only such material parts of pleadings, proceedings, facts, documents and other matters in the record as are necessary to an understanding of all questions presented to this court for decision" required by Rule 9 (d). If appellee considered the abstract insufficient he had the option to submit a supplemental abstract. Rule 9 (e). Appellee has not pointed out any deficiency in the abstract.

Appellee also contends that appellant's objection to the court's failure to give the questioned instruction came after the jury was instructed and actually after the argument of the case. Nothing in the transcript reflects that this was the case. Appellee relies on language

in the objection which indicates that appellee's counsel had argued the case to the jury at the time the objection was made. This objection was not contained in the original transcript but supplied in a supplement to the original transcript, certified by the official court reporter. Neither the original nor the supplement shows when the objection was made. Appellee joined in the motion under which the supplement was filed and waived any objection thereto. This was an appropriate time to bring this matter into the record. It is suggested that the court was aware of the objection but requested that appellant wait until the jury was deliberating to put the specific language of the objection into the reporter's record. It is well known among the bench and bar that this is a common practice designed to expedite the trial by diminishing the time jurors must wait for instructions to be settled, prepared in written form and given. In the absence of a specific objection by counsel, which does not appear here, we find no waiver on the part of appellant's counsel under such circumstances.

The court's Instruction No. 6 (AMI 501) requested by appellee, defined proximate cause and then told the jury:

"This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause."

By its Instruction No. 7 (AMI 203) the court told the jury that its verdict should be for appellant if they found she had met the burden of proving that she had sustained damage, that appellee was negligent and that such negligence was a proximate cause of her damages; otherwise, its verdict should be for appellee. Appellee then requested AMI 502 which would have first told the jury that when two or more persons are guilty of negligence working together as proximate causes of damage,

each may be found to be liable, regardless of the relative degree of fault. It would have added that if they found that negligence of appellee proximately caused damage to appellant, it was not a defense that some third person may also have been to blame. No contention is made that the instruction is an incorrect statement of law or that it is abstract.

The avowed purpose of AMI was to improve communication between judge and jury by the giving of understandable instructions on the applicable law. See AMI Introduction. The note on use of AMI 502 states that it should not be given when the case is submitted on interrogatories. It further states that the last sentence *should be used only* when some person who may also have been at fault *is not a party to the action.* In the draft, the word "defendant" is given in both the singular and the plural, indicating that it is a proper instruction where there is a *single defendant* and *a defense that the negligence of one not a party to the action caused the damage.* It would eliminate any idea that the negligence of another only contributing to the damage could be a defense or reduce the amount of appellant's recovery, however great that contribution might be. The jury was not told this anywhere and this instruction was necessary for them to have a clear understanding of this. Consequently, the instruction should have been given and the failure to give it constituted reversible error as this matter was not otherwise adequately covered. If we adopted any other position, it would be difficult to understand why AMI 502 was drawn or when it should be used since the combination given by the court would have been sufficient to cover all situations.

As earlier pointed out, the pleadings show clearly that appellee's defense was largely based on a contention that appellant's damage was caused solely by the negligence of Goodwin. He did not plead negligence by her decedent, nor did he assert that negligence of Goodwin should be imputed to him. Consequently, the jury

should understand clearly that appellant was entitled to a verdict if it found appellee guilty of negligence which contributed as a cause, however slightly, to appellant's damage, even though they might have thought that the negligence of Goodwin was a far greater contributing cause. With the issues so presented, Goodwin not having been made a third party defendant, it was imperative that the jury be told that Goodwin's negligence constituted no defense unless they found it to be the sole proximate cause. We do not think that the instructions given by the court made this clear. It was essential to do so in order to give the jury a clear understanding of the governing legal principles, particularly in a case submitted for a general verdict. Speculation as to the failure to make Goodwin a party would have been eliminated as a possible factor in the verdict.

Even if the court's general instructions could be said technically to have covered the matter in a general way, it is error to refuse to give a specific instruction correctly and clearly applying the law to the facts of the case, even though the law in a general way is covered by the charge given, unless it appears that prejudice has not resulted. *St. Louis & S F R Co.* v. *Crabtree,* 69 Ark. 134, 62 S. W. 64; *Western Coal & Mining Co.* v. *Buchanan,* 82 Ark. 499, 102 S. W. 694; *Western Coal & Mining Co.* v. *Burns,* 84 Ark. 74, 104 S. W. 535; *Nebraska Underwriters' Ins. Co.* v. *Fouke* 90 Ark. 247, 119 S. W. 261; *American Fire Ins. Co.* v. *Haynie,* 91 Ark. 43, 120 S. W. 825; *Western Coal & Mining Co.* v. *Moore,* 96 Ark. 206, 131 S. W. 960.

In *St. Louis & S. F. R. Co.* v. *Crabtree, supra,* where this court reversed the trial court for failure to give an instruction that it was the duty of one approaching a railroad track to look both up and down the track as long as he approached, notwithstanding the giving of a general charge that one approaching a crossing should look and listen for approaching trains, this language very appropriate to this case was used:

548

"* * * A lawyer would, of course, understand that the charge of the judge was intended to convey the idea that the traveler about to cross a railroad track must look for trains from both directions, and must continue on his guard until the danger is passed. But jurors are not usually learned in the law. They may have concluded in this case that plaintiff discharged the duty to look and listen by looking only in the direction from which he was expecting a train to come, or by looking and listening at only one time. We do not say that they did take this view of the law, but they might have done it, under instructions which did not explicitly tell them that it was his duty to look in both directions, and to continue on his guard until the track was passed. When the circuit judge was asked to make the law clear to the jury on this point, by telling them that one approaching a railroad track should 'look up and down the track as long as he approaches,' we think he should have done so. But counsel for plaintiff say that we should presume that the attorney for the company in presenting the case to the jury argued that the instruction that one about to cross a railway track 'should look and listen for approaching trains' meant that he should look north as well as south. We are willing to indulge in this presumption, for we have no doubt that this argument as to the meaning of the instruction was made by the attorney for the defendant company. In other words, the trial judge having refused to explicitly instruct the jury on this point, the only resource left to the company was to rely upon a statement of the law made to the jury by its attorney. But jurors are not required to take the law from counsel, and it was putting an undue burden upon the defendant company to compel it to rely upon convincing the jury as to the proper view of the law by an argument of its attorney. If the sympathies of the jury happened to be with the other side, that might be difficult to do, and might be too heavy a task even for the most gifted attorney. It is a burden that the

law does not impose, for it is the duty of the judge to instruct; and each party has the right to have the jury instructed upon the law of the case clearly and pointedly, so as to leave no ground for misapprehension or mistake."

The argument advanced here is somewhat analagous to that advanced by appellee in *Prescott & N. W. Ry. Co.* v. *Weldy* 80 Ark. 454, 97 S. W. 452. In treating the contention this court said:

"While it is true that all of the instructions given by the court predicated the plaintiff's right to recover solely on the defect in the track or roadbed, as set forth in the complaint, still the defendants were entitled to a specific instruction, telling the jury that if the injury occurred from some cause other than that alleged in the complaint, or that if the deceased was guilty of negligence in the particular mentioned which contributed to the injury, there could be no recovery."

The minds of the jurors should have been directed to this particular point. *Bailey* v. *State*, 92 Ark. 216, 122 S. W. 497.

A reversal must follow the refusal of a proper instruction, unless it affirmatively appears that no injury resulted. *St. Louis & S. F. R. Co.* v. *Crabtree*, 69 Ark. 134, 62 S. W. 64; *Hamilton-Brown Shoe Co.* v. *Choctaw Mercantile Co.*, 80 Ark. 438, 97 S. W. 284; *Prescott & N. W. Ry. Co.* v. *Weldy*, 80 Ark. 454, 97 S. W. 452; *Western Coal & Mining Co.* v. *Buchanan*, 82 Ark. 499, 102 S. W. 694; *Ohio Handle & Mfg. Co.* v. *Jones*, 98 Ark. 17, 135 S. W. 455.

Although the court is not required to give every correct instruction offered when the instructions given explicitly, clearly, fully and fairly cover the matter requested, we cannot say that prejudice to appellant did not result in this situation.

Reversed and remanded for new trial.

Harris C. J., and Brown, J., dissent

Lyle Brown Justice, dissenting. The majority opinion holds that the trial court erred in refusing to give plaintiff's requested instruction AMI 502. From this holding I must dissent. This is a two-party lawsuit in which plaintiff alleges the defendant driver was negligent. The defendant denies negligence and asserts the deceased met death as a result of the negligence of the driver operating the truck in which deceased was a passenger. The court gave AMI 501, followed by AMI 203. Bearing in mind that Goodwin (in whose truck deceased was a passenger) was not a party to the suit, I think the two instructions, given in the order copied, were sufficient.

"AMI 501. The law frequently uses the expression 'proximate cause,' with which you may not be familiar. When I use the expression 'proximate cause,' I mean a cause which, in a natural and continuous sequence, produces damage and without which the damage would not have occurred.

"This does not mean that the law recognizes only one proximate cause of damage. To the contrary, if two or more causes work together to produce damage, then you may find that each of them was a proximate cause."

"AMI 203. Dorothy Beevers as Administratrix claims damages from Wilburn W. Miller and has the burden of proving each of three essential propositions:

First, that she has sustained damages;

Second, that Wilburn W. Miller was negligent;

And third, that such negligence was a proximate cause of plaintiff's damage.

"If the you find from the evidence in this case that each of these three propositions has been proved then your verdict should be for Dorothy Beevers, Admx.; but, if, on the other hand, you find from the evidence that any one of these propositions has not been proved, then your verdict should be for Wilburn W. Miller."

Considering these two instructions together, the court told the jury that if Miller was negligent, and Miller's negligence was *a proximate cause,* Beevers' administratrix was entitled to recover any damages sustained. Then with reference to defendant Miller's assertion that Beevers' driver (Goodwin) was negligent, the jury was in effect told, in the second paragraph of AMI 501, that Goodwin's negligence would not bar recovery against Miller.

In addition to the copied instructions, plaintiff requested AMI 502:

"When the negligent acts or omissions of two or more persons work together as proximate causes of damage to another, each of those persons may be found to be liable. This is true regardless of the relative degrees of fault between them.

"If you find that negligence of the defendant proximately caused damage to the plaintiff, it is not a defense that some third person may also have been to blame."

First, I would call attention to this statement: "When the negligent acts or omissions of two or more persons work together as proximate causes of damage to another, each of those persons may be found to be liable." This jury could not find liability against Goodwin because he was not a party to the suit. To that extent the instruction could confuse the jury because in this case there is only one person charged with liability.

The second paragraph of AMI 502 does not speak of *liability*. It speaks of *blame*. Concededly, the second paragraph appropriately explains that any blame on the part of Goodwin would not free Miller if the latter's negligence was *a proximate cause*. In fact, it is there spelled out more explicitly than in the last paragraph of AMI 501. On the other hand, the exact argument can be made to the jury irrespective of which "last paragraph" is given. Of course lawyers naturally like to hear the trial judge instruct the jury in phrases that they can "hammer home" by quotation in their closing arguments. This is one reason for the traditional argumentative instructions, giving one for the plaintiff in his chosen words, then another to counteract it in the chosen words of the defendant. The majority opinion cites a number of old cases. Many of the cases cited are good examples of the pitfalls of lengthy instructions dealing in "specifics" advanced by plaintiff and defendant. The trend in composition of instructions is based on the requirements that they be conversational, understandable, and unslanted. It is refreshing to know that we are moving away from the old form of "instructions for the plaintiff" and "instructions for the defendant."

Secondly, the refused instruction is not a "must" instruction—one to be given in every tort case. When the case is submitted on interrogatories, the note on use to AMI 502 recommends that the bracketed portion of AMI 501 be given, if appropriate.

Finally, it is my view that if the giving of AMI 502 be conceded appropriate, yet the refusal to give it was not prejudicial error. This conclusion is based on the theory that the subject matter was covered by AMI 501.

I would affirm. Harris, C. J. joins in this dissent.