T.P. LEASING CORPORATION *v.* BAKER LEASING CORPORATION and GELCO CORPORATION

86-235                                                    732 S.W.2d 480

Supreme Court of Arkansas
Opinion delivered July 20, 1987

*Davidson, Horne & Hollingsworth, A Professional Association,* by: *Thomas S. Stone* and *Robert J. Fuller,* for appellant.

*House, Wallace & Jewell, P.A.,* by: *Janice W. Vaughn, James R. Rhodes, John R. Clayton,* and *David Couch,* for appellees.

JOHN D. ELDRIDGE III, Special Justice. Appellant, T. P. Leasing, contracted with appellee, Baker Leasing Corporation, the wholly owned subsidiary of appellee, Gelco Corporation, to lease from Baker certain tractors and trailers to be utilized in its business of hauling freight. The agreement was made in 1981, and by 1983 various problems had arisen between the parties to the contract. On November 19, 1983, T. P. Leasing gave notice of termination of the lease. Thereafter, after further communication and increasing difficulties, Baker Leasing repossessed the trucks prior to the effective termination date established by the letter of termination from T. P. Leasing. T. P. Leasing initiated this litigation in the Circuit Court of Pulaski County claiming damages from both Baker and Gelco for interference with T. P.'s business expectations, conversion of the trucks and tractors, conversion of a letter of credit given pursuant to the lease contract, and from Gelco, individually, for interference with the agreement between T. P. Leasing and Baker Leasing. Baker Leasing counterclaimed against T. P. seeking damages occasioned by its alleged breach of the contract. The jury found for Baker/Gelco on the complaint of T. P. Leasing, and for T. P.

Leasing on the countercomplaint of Baker/Gelco, and T. P. Leasing brings this appeal, asserting that the trial court erred in refusing to instruct on notice, estoppel, and interference with contract. Our jurisdiction is pursuant to Rule 29(1)(o) of the Rules of the Arkansas Supreme Court.

The opposing parties to this controversy each claimed that the other breached the agreement of September 15, 1981, between Baker Leasing Corporation, as lessor, and T. P. Leasing, as lessee. (Appellee, Gelco Corporation acquired 100% of the stock of Baker Leasing in 1982.) The contract in paragraph 12 provided that either party could terminate a vehicle's lease term on certain conditions and upon giving notice pursuant to the contract. If termination was to be sought by the lessee, T. P., then paragraph 12 of the lease provided that the lessor, Baker, at its option could require the lessee to purchase the vehicles that were the subject of the terminated lease, in accordance with valuation formulas stated therein. However, notice of the election by Baker to exercise the option to require purchase had to be given within 15 days following the termination notice. On November 19, 1983, pursuant to paragraph 12, T. P. Leasing appropriately notified Baker Leasing to terminate all equipment covered under the lease. On the day prior to the expiration of the 15 day period, December 2, 1983, Baker, acting through Gelco Truck Leasing, attempted to exercise its option to require T. P. to purchase the vehicles that were the subject of the terminated lease. The December 2nd letter would appear to fall far short of an unequivocal exercise of the option given to Baker, the lessor, and unquestionably was hand delivered to T. P. Leasing, although the testimony was in dispute as to the date of delivery. The basic lease agreement in paragraph 20 provided as follows: "All notices will be written, signed on behalf of the notifying party, sent by United States registered or certified mail. . . . Any notice is deemed given when mailed."

The December 2, 1983, letter and its method of delivery are significant. One of T. P. Leasing's primary arguments at the trial was that it was not in breach of the contract, as alleged by Baker/Gelco, because its activities after December 2, 1983, were in reliance upon the fact that Baker/Gelco had not exercised its option pursuant to paragraph 12. Appellees alleged that appellant, T. P., breached the contract in its failure to conduct its

activities in accordance with the valid exercise by appellee of its rights to require appellant to purchase the vehicles. The issue of notice by appellee of the exercise of its option, then, is critical.

Appellant requested the following instruction: "The parties to a contract may specify in the contract how notice shall be given under the contract, and if they do so, the notice required depends on the provisions of the contract. A written notice should be clear, definite and explicit, and not ambiguous." The trial court refused to give the proffered instruction and did not otherwise instruct the jury on the issue of notice.

Although appellees argue that the instruction was misleading and an incorrect statement of the law, they cite no authority for that proposition. In *Allison* v. *O'Dell*, 263 Ark. 473, 565 S.W.2d 438 (1978), the exercise of an option was in writing, mailed prior to the expiration of the deadline but received thereafter. The initial offer had been communicated by telephone. In holding that the exercise of the option was not timely, we said, "it is well settled that for the exercise of an option to be valid, the exercise must be in accordance with the terms of the option."

We have further held that notice of termination, in order to be effective, must be clear, unambiguous, and unequivocal. *Purnell* v. *Atkinson*, 248 Ark. 401, 451 S.W.2d 734 (1970).

Appellees argue that the jury's verdict, because of the manner in which it was instructed, both on the cause in chief and the counterclaim, indicates that the jury found the appellant breached the contract for reasons other than relating to consequences flowing from the notice. Appellees cite *Holiday Inns, Inc.* v. *Drew*, 276 Ark. 390, 635 S.W.2d 252 (1982) for the proposition that reversal of a case for refusal of a proper instruction is not required if it appears that prejudice has not resulted. However, in the *Drew* case we also said:

> Jurors are not required to take the law from counsel, and it was putting an undue burden upon the defendant company to compel it to rely upon convincing the jury as to the proper view of the law by an argument of its attorney. If the sympathies of the jury happen to be on the other side, that might be difficult to do, and might be too heavy of a task even for the most gifted attorney. It is a burden that the law

does not impose, for it is the duty of the judge to instruct; and each party has the right to have the jury instructed upon the law of the case clearly and pointedly, so as to leave no ground for misapprehension or mistake. [Quoting *Beevers, Adm'x v. Miller*, 242 Ark. 541, 414 S.W.2d 603 (1967) at 548-49.]

. . .

A reversal must follow the refusal of a proper instruction, unless it affirmatively appears that no injury resulted. . . . Although the court is not required to give correct instruction offered when the instructions given explicitly, clearly, fully and fairly cover the matter requested, we cannot say that prejudice to Appellant did not result in this situation. [*Beevers, supra* at 549.]

In the instant case we do not believe we can ascertain the nuances of the jury's reasoning in order to reach its verdict, nor are we convinced that the verdict was indicative of a finding that notice by appellee was proper. We feel that the nature, method, and quality of notice was critical and central to the key issue: which of the parties breached the contract. Accordingly, the trial court's refusal to instruct on notice as requested by appellant was erroneous.

The other points raised by appellant on appeal may become issues at a retrial of this case, so we will address them in abbreviated fashion. Appellant requested the trial court to instruct on the issue of estoppel, which was refused. Appellee urges that the failure to give the instruction was harmless in light of the fact that instructions on waiver were given. Without going into elaborate detail, the factual issue involved a course of dealing between the parties concerning method and timeliness of payments which served, arguendo, to alter the expressed terms of the lease contract. Appellant correctly asserts that waiver and estoppel are not synonymous, and while the concepts overlap to a degree, they involve separate elements. *See, e.g., Mobley v. Estate of Parker*, 278 Ark. 37, 642 S.W.2d 883 (1982). We believe the instruction should be given upon remand.

Finally, appellant asserts that it is reversible error for the trial court to refuse to instruct the jury on the tort of

interference with contract. The court did so because it did not find any evidence that Baker and Gelco were operated other than as one entity. We think the correct rule is that a parent corporation's privilege permits it to interfere with another's contractual relations when the contract threatens a present economic interest of its wholly owned subsidiary, absent clear evidence that the parent employed wrongful means or acted with an improper purpose. *Phil Crowley Steel Corp.* v. *Sharon Steel Corp.*, 782 F.2d 781 (8th Cir. 1983). The instruction was correctly denied.

Reversed and remanded.

GLAZE, J., not participating.