Elizabeth **NEWELL**, Plaintiff,

v.

**TOLLIVER'S BODY SHOP, INC.,** and **Global Forwarding Company, Ltd.,** Defendants.

**No. 4:03 CV 00178 SWW.**

United States District Court, E.D. Arkansas, Western Division.

May 1, 2003.

John Andrew Ellis, Esq., Boswell, Tucker & Brewster, & Smith, Bryant, AR, for plaintiff.

· Bruce E. Munson, Esq., Huckabay, Munson, Rowlett & Moore, Jerry Jon Sallings, Esq., Wright, Lindsey & Jennings, Little Rock, AR, for defendants.

### ORDER OF REMAND

SUSAN WEBBER WRIGHT, Chief Judge.

This case arises out of a motor vehicle accident which allegedly occurred when an eighteen-wheeler driven by Cheriel Faun MacKinley, an employee of separate defendant Global Forwarding Company, Ltd. ("Global"), a Canadian corporation, struck a 1997 Pontiac Firebird in which plaintiff, Elizabeth Newell, an Arkansas resident, and her boyfriend were sleeping while parked at a rest area on Interstate 40 in Arkansas. The case was originally filed in the Circuit Court of Saline County, Arkansas, on February 7, 2003, but was removed to this Court by Global on March 14, 2003, on grounds that separate defendant Tolliver's Body Shop, Inc. ("Tolliver's"), an Arkansas corporation, was fraudulently joined in an effort to defeat diversity jurisdiction. The matter is now before the Court on motion of plaintiff to remand to state court [doc.# 6]. Both Global and Tolliver's have responded to plaintiff's motion, and plaintiff has filed a reply to Global's and Tolliver's responses. Having carefully considered the matter, the Court finds that plaintiff's motion to remand should be and hereby is granted.

### I.

In her complaint filed in state court, plaintiff asserts that on November 28, 2000, she was involved in a motor vehicle accident that resulted in her 1997 Firebird sustaining property damage. Compl. at ¶ 7. She states that in early December 2000 she had her car towed to Tolliver's and later retrieved the vehicle, thinking it had been repaired in accordance with the repair estimate. Id. at ¶ 8.

Plaintiff states that on February 11, 2001, she took her vehicle to a tire shop to repair a flat tire and discovered that Tolliver's had not repaired the vehicle as specified by the repair estimate. *Id.* at ¶ 9. Among other things, states plaintiff, the rear end clip had not been put on the vehicle as specified by the repair estimate but had instead been "bondo'd together." *Id.*

Plaintiff states that she complained to Tolliver's and that Tolliver's stated the vehicle would be properly repaired to her satisfaction. *Id.* She states that on May 30, 2001, after more than three months, she finally retrieved her vehicle from Tolliver's after being assured it had been repaired in accordance with the repair estimate. *Id.* at ¶ 10.

Plaintiff states that nearly one year later, on May 6, 2002, her vehicle was parked in the rest area on Intestate 40 when it was struck by the eighteen-wheeler driven by Cheriel Faun MacKinley and owned by Global as she and her boy friend were sleeping. *Id.* at ¶¶ 12–13. Plaintiff states that the eighteen-wheeler dragged her vehicle several feet out of its parking spot and caused her head to hit the rearview mirror, which in turn hit the windshield, causing the glass to shatter and causing an injury to her head that required medical attention. *Id.* at ¶¶ 14–15.

Following the accident, plaintiff took her vehicle to a body shop for a repair estimate and was told that Tolliver's did not repair the vehicle correctly in 2001 following the earlier accident and that the rear end clip had been improperly and poorly welded together, causing the vehicle to sustain more damage from the impact from the eighteen-wheeler and from the dragging than it otherwise might have. *Id.* at ¶ 17. Plaintiff states that the impact of the eighteen-wheeler and subsequent dragging of her vehicle with her and her boyfriend in it caused her to have mental anguish and pain and suffering, including symptoms of post traumatic stress syndrome. *Id.*

Plaintiff asserts a negligence claim against MacKinley and Global for the accident on May 6, 2002, and she also asserts a negligence claim against Tolliver's for its repair work prior to the accident, claiming that the property damage to the vehicle was more significant than it otherwise might have been "but for the negligence on the part of [Tolliver's] who had performed repair work on her vehicle the year beforehand." *Id.* at ¶¶ 18–23. In this respect, plaintiff states that the negligence on the part of Tolliver's involved (a) negligent failure on the part of Tolliver's to perform repair work on the vehicle in accordance with the terms specified in the repair estimate; (b) negligent failure on the part of Tolliver's to employ the most conventional and stable method of rear end clipping; (c) negligent failure on the part of Tolliver's to weld the rear end clip onto the vehicle safely, and in such manner as to ensure vehicular integrity in the event of impact; (d) failing to use reasonable and ordinary care under the circumstances; and (e) any other acts/omissions constituting negligence as the proof in this cause may bear out. *Id.* at ¶ 23.

## II.

In its notice of removal, Global states that removal is proper as all properly joined parties—Global and MacKinley—are diverse from plaintiff and the amount in controversy exceeds $75,000.00. With respect to Tolliver's, who is not diverse, Global states that removal is nevertheless proper as Tolliver's joinder is fraudulent. Global asserts that any claim against Tolliver's arises from an entirely separate occurrence and involves separate questions of law and fact. Global states that the question of law involved in the action

against Tolliver's concerns whether Tolliver's performed the repair work as required under the repair estimate, while the question of law in the action against Global is whether the driver of the truck was negligent while driving. Global argues that plaintiff's cause of action against Tolliver's is a breach of contract action rather than negligence action, and that plaintiff thus has failed to state a cause of action against both defendants that have common questions of law and fact, or that arise out of the same transaction, occurrence, or series of occurrences, as necessary for permissible joinder under Arkansas law.

In her motion to remand, plaintiff states that the proof in this case will be that Tolliver's employed standards of repair that were so low and inadequate that they can best be described as acts of negligence under Arkansas law. Additionally, states plaintiff, it will be shown that the shoddy workmanship was a significant and contributing factor to the vehicle sustaining the damage it did when hit and dragged by the eighteen-wheeler and that the vehicle was not repairable due to prior workmanship. Plaintiff states Tolliver's and Global are jointly liable for the property damage caused to her vehicle as a result of the May 6, 2002 accident, and that it falls upon the jury to apportion fault. In this respect, plaintiff states that her reasoning to name Tolliver's as a defendant is (1) to prevent Global from arguing to an "empty chair" in the presence of the jury on the question and extent of property damage when a cause of action otherwise exists against Tolliver's,[1] and (2) to defeat diversity of citizenship and keep the matter in Saline County Circuit Court, her venue of choice.

In response, Global asserts that plaintiff has failed to establish that the same transaction, occurrence, or series of transactions or occurrences connect Global and Tolliver's, and that the case plaintiff spins in an attempt to connect Tolliver's is no stronger than one she could spin to include the tire manufacturer, the automobile component manufacturers or countless other innocent bystanders as defendants. Global asserts that plaintiff's claim against Tolliver's is at best a permissive claim and that considerations with regard to fundamental fairness weigh heavily against joinder of Tolliver's in this lawsuit.

Tolliver's, in turn, asserts that the two cases are not related, and that Tolliver's will incur substantial needless expenses if it is forced to participate in plaintiff's large-scale personal injury claim against Global over a minor property damage claim against it which, at most, could only amount to a few thousand dollars. Tolliver's notes that plaintiff's case against Tolliver's presumably will involve evidence such as plaintiff's conversations with Tolliver's regarding the repair of her vehicle, plaintiff's alleged request that Tolliver's repair her vehicle in a cheaper fashion to order to avoid her having to pay her collision insurance deductible, and the fact that plaintiff drove the vehicle for a year following repairs without any problem, while her case against Global will involve testimony primarily regarding the May 6, 2002, accident and the severe personal injuries plaintiff claims she suffered as a result of that accident. Tolliver's argues that the transactions or occurrences described in plaintiff's complaint are totally unrelated, and that plaintiff's complaint against Tolliver's should be dismissed with or without prejudice or, in the alternative, severed

---

1. In a reversal of this "empty chair" argument, plaintiff notes that in a separate action against Tolliver's, it is likely that Tolliver's will contend that the damage done to plaintiff's vehicle was caused by the eighteen-wheeler and not any negligent workmanship on its part.

and independently remanded to state court.

In reply, plaintiff argues that the different acts of negligence committed at different times by each named defendant worked together as proximate causes of the overall damage sustained to plaintiff's vehicle in the May 2002 collision. Each of these defendants is jointly liable for the damages done to the property, regardless of the relative degree of fault between them, argues plaintiff, and the same jury should hear all of the evidence and testimony surrounding the damages to this vehicle without being deprived of any crucial or indispensable element.

### A.

█ A plaintiff may not defeat a defendant's right of removal based upon diversity of citizenship jurisdiction by fraudulently joining a non-diverse defendant. *BP Chemicals Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir.2002) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97–99, 42 S.Ct. 35, 66 L.Ed. 144 (1921)). " 'Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.' " *Id.* (quoting *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir.2002)). "Thus, fraudulent joinder forbids a plaintiff from *avoiding* a federal court by raising a claim devoid of legal merit." *Id.* (emphasis in original). This doctrine protects the integrity of federal courts' jurisdiction by ensuring it is not "retracted by sham pleadings." *Id.* at 685–86.

### B.

█ Here, the Court cannot find that there is no reasonable basis in fact and law alleged which will support a claim against Tolliver's, the non-diverse defendant. Plaintiff alleges that Tolliver's employed standards of repair that were so low and inadequate that they can best be described

as acts of negligence under Arkansas law, and that the shoddy workmanship was a significant and contributing factor to the vehicle sustaining the damage it did when hit and dragged by the eighteen-wheeler. Arkansas law recognizes negligence actions against auto mechanics based upon their work, *see Schichtl v. Slack*, 293 Ark. 281, 737 S.W.2d 628 (1987) (mechanic who installed new motor and rebuilt transmission in customer's pick-up truck that later caught fire owed customer duty to exercise ordinary care), and Arkansas law also recognizes that when the negligent acts or omissions of two or more persons work together as proximate causes of damage to another, each of those persons may be found to be liable. *Benson v. Temple Inland Forest Products Corp.*, 328 Ark. 214, 217, 942 S.W.2d 252, 254 (1997) (citing AMI Civ.3d 502). Plaintiff may certainly fail to convince a jury that Tolliver's negligently repaired her vehicle and that this negligence was a significant and contributing factor to the vehicle sustaining the damage it did when hit and dragged by the eighteen-wheeler, but her claim against Tolliver's as asserted in this lawsuit has a reasonable basis in law and fact.

### III.

For the foregoing reasons, the Court finds that plaintiff's motion to remand should be and hereby is granted. The Clerk of Court is hereby directed to remand this case to the Circuit Court of Saline County, Arkansas.