Francis BAKER *v.* Rebecca BAKER

CA 92-1014                                          858 S.W.2d 157

Court of Appeals of Arkansas
Opinion delivered July 7, 1993

*Ralph J. Blagg*, for appellant.

No brief filed for appellee.

PER CURIAM. This is the second motion to dismiss this appeal filed by the appellee in this case. In her first motion to dismiss, the appellee urged us to dismiss the appeal on the grounds that the

appellant designated the entire record as the record on appeal, but failed to order the entire record as designated. In our per curiam of January 6, 1993, we denied that motion to dismiss but granted the appellee ten days to designate additional portions of the record. In her present motion, the appellee asserts that, although she designated additional testimony pursuant to our per curiam and to Ark. R. App. P. 6(b), the appellant did not order the additional testimony from the court reporter. The appellant concedes that he did not order the additional testimony, but argues that his failure to do so is excused because he raised only one issue on appeal, and the additional material designated by the appellee could not be relevant to that issue.

■■ The rule applicable to this case was enunciated by the Arkansas Supreme Court in *Arkansas Farmers Association* v. *Townes*, 232 Ark. 997, 342 S.W.2d 83 (1961):

> In short, we hold that, in the absence of a court order to the contrary, the appellant must file in this Court the record designated by both parties or suffer the appeal to be dismissed for failure to file a designated record and appellant cannot, on his own determination, cast on appellee the burden of paying for the additional record designated.

Rule 6 of the Arkansas Rules of Appellate Procedure mandates that the appellant shall direct the court reporter to include in the transcript all testimony designated by the appellee. This rule was promulgated by the Supreme Court and, even should we wish to change it, we would lack the authority to do so. Therefore, because the appellant admits that he failed to order the additional record as designated by the appellee, and in the absence of any application for an adjustment of costs or other protective order by the appellant, we are constrained to dismiss his appeal.

Appeal dismissed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. I do not agree to dismiss this appeal at this time. The Per Curiam opinion granting dismissal relies upon a 32-year-old case that construed Sections 8 and 9 of Act 555 of 1953 (Ark. Stat. Ann. §§ 27-2127.2 and 2127.3). The 1979 replacement volume of Ark. Stat. Ann. shows

these sections were superseded by Arkansas Rules of Appellate Procedure 3 and 6. Even if the case relied upon by our Per Curiam is still the law, I do not think it should apply to the present case.

The transcript in this case was filed in this court on September 8, 1992. On December 21, 1992, the appellee filed a motion to dismiss the appeal. From the motions, exhibits, and briefs filed since December 21, 1992, we can plainly see what has occurred to bring us to today's action by this court.

Appellant's notice of appeal designated the "entire record including all the pleadings, testimony, and exhibits" and also stated that appellant was appealing from the trial court's "award of temporary and permanent alimony, attorney fees, and an unequal division of the property."

However, counsel for appellant changed his mind about the points he wanted to raise on appeal and notified the court reporter to prepare only a partial transcript of the testimony. The trouble with this is that appellant's counsel did not notify appellee's counsel of the instructions to the reporter and what the new points would be on appeal. Rule of Appellate Procedure 3(g) provides that if the appellant does not designate the complete record, he must serve the appellee with a concise statement of the points on which he intends to rely. The rule contemplates that this will be done when the notice of appeal is filed. Surely, however, the appellant can change his mind about what he wants to argue on appeal. So, if the appellant did wrong here, it was his failure to notify the appellee as to the new points he would argue on appeal and that he was not now going to include all the trial testimony in the record on appeal.

The penalty for that failure, under Appellate Rule 3(a), "shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal." I do not think dismissal of the appeal is appropriate in this case. This conclusion takes into consideration the following circumstances.

After the appellee filed her motion to dismiss appellant's appeal, the appellant filed a response in which he alleged that he had included in the record on appeal all the testimony that pertained to the trial court's ruling on appellant's motion to stay

which was the only point appellant was now appealing.

This court denied appellee's motion to dismiss, but granted appellee ten days to designate additional record. Appellee then filed a designation for all the testimony taken at trial and, at the same time, filed a new motion to dismiss the appeal. We then issued a Per Curiam asking appellee to brief the relevancy of the additional testimony she had designated. At the time we requested this brief, the appellant's brief on the merits of his appeal had been filed in this court for about six months. In fact, that brief had been filed more than three months before appellee's new motion to dismiss was filed.

In her brief as requested by this court, the appellee shows that she clearly understood that the appellant's only point on appeal was that the trial court erred in denying appellant's motion for a stay of proceedings in the trial court; that the motion was based on the Soldier's and Sailor's Civil Relief Act; and that the trial record, up to the point that the court denied the motion, would not support the denial. However, appellant wants the record to include the testimony that was taken after the court denied the motion. This is because, the appellee says, this later testimony will show that the allegations in appellant's motion for stay were untrue, and this later testimony would support the trial court's ruling.

I submit that we should not dismiss the appellant's appeal at this time. We could do three things, either of which would be better than dismissing the appeal:

(1) We could tell the appellant he has to file the additional testimony and give him a certain period in which to do this, and tell him that if he does not comply we will dismiss his appeal.

(2) Under the authority of Appellate Rule 6(b) and (c) we could tell the appellee that she has to file the additional testimony and if we decide it was relevant and needed, we would assess the cost of furnishing the additional testimony against the appellant.

(3) Also, we could pass the motion to dismiss until all the briefs are filed and tell the parties that they can argue

the motion in their briefs.

Our failure to follow the third course has caused us to have to deal with this case on three separate occasions. We have had to read a stack of papers. The arguments made in the briefs supporting the motions could have waited until the briefs on the merits were filed, and we would have saved time and expense for the parties, the attorneys, and this court.

I dissent from dismissing this appeal at this point.